WILKINSON, Circuit Judge:
 

 This case addresses the preclusive effect of a civil jury verdict in subsequent bankruptcy proceedings. Alvin Richardson won a jury verdict in a diversity tort action against Fred Combs for assault. In a subsequent bankruptcy proceeding, the bankruptcy judge concluded that the jury verdict prevented Combs from relitigating the issue of whether the tort judgment arose from a willful and malicious injury and that the debt was therefore nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(6), 40 B.R. 148. The district court affirmed, and Combs appeals.
 

 We hold that the judgment debtor here may be precluded from relitigating an issue that was actually litigated and decided in an earlier proceeding and that was necessary to the decision.
 
 See Long v. West,
 
 794 F.2d 928 (4th Cir.1986). However, the determination that an issue was actually litigated and necessary to the judgment must be made with particular care. Here an examination of the jury instructions and verdict in the earlier tort action clearly demonstrates that the willful and malicious nature of defendant Combs’ actions was actually and necessarily litigated. We therefore affirm the judgment of the district court precluding the debtor from relitigating this issue in the dis-chargeability proceeding.
 

 I.
 

 The Bankruptcy Act, in 11 U.S.C. § 523, provides exceptions to the general rules discharging a bankrupt from liability for his debts. Section 523(a)(6) provides that:
 

 
 *114
 
 (a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 

 (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
 

 On December 13, 1979, Alvin Richardson went to Fred Combs’ workplace to confront Combs about his involvement with Richardson’s wife. In the course of this confrontation, Combs beat Richardson with an axe handle. Combs pled guilty to criminal charges arising from this incident, and on February 2, 1981, Richardson sued Combs in federal court for malicious beating and striking. Combs filed for bankruptcy on August 4, 1983, before the tort action went to trial.
 

 On February 1, 1984 a jury found against Combs in the tort suit and awarded Richardson $3,700 in compensatory and $1,300 in punitive damages. Specifically, the jury’s verdict stated:
 

 We, the Jury, find for the plaintiff and affix his compensatory damages at Hospital and Doctor Bills
 

 $3,700.00
 

 We, the Jury, find that the defendant acted willfully and maliciously and affix punitive damages as follows:
 

 $1,300.00
 

 On February 13, 1984, Richardson filed a complaint in the bankruptcy proceeding seeking a determination that this judgment debt was nondischargeable. The bankruptcy court denied Richardson’s motion for summary judgment on the dischargeability determination on June 18, 1984. Richardson moved for reconsideration on March 12, 1985. Reconsideration was initially denied.
 

 After requesting and receiving a copy of the jury instructions in the tort action, the bankruptcy court ultimately reconsidered its earlier order. On the authority of
 
 York v. Shepherd,
 
 56 B.R. 218 (W.D.Va.1985), the bankruptcy court concluded that the jury’s “verdict clearly finds willful and malicious conduct on the part of the Defendant ... and the Plaintiff [Richardson] is entitled to summary judgment of nondis-chargeability ... pursuant to 11 U.S.C. § 523(a)(6).” The district court affirmed, and Combs appeals.
 

 We now affirm the judgment of the district court. The portion of the trial record before us amply demonstrates that the requirements for preclusion are met in this case. While in many instances an examination of the full record and transcript of the earlier proceeding may be necessary to determine whether the prerequisites of preclusion, and thereby the federal policies implicated in the Bankruptcy Code, are satisfied,
 
 see Brown v. Felsen,
 
 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), we do not require that bankruptcy courts invariably take extrinsic evidence before a prior civil judgment may be assigned preclusive effect. We do hold that a jury’s finding that a defendant’s actions were willful and malicious will collaterally estop the judgment debtor from relitigating that issue in a discharge proceeding only if an examination of the record of the earlier proceeding satisfies the bankruptcy court that the issue was raised and litigated and that the resolution of the issue was necessary to the verdict in the prior case.
 

 II.
 

 A brief review of the principles of collateral estoppel as they apply to bankruptcy proceedings is in order. Collateral estoppel bars relitigation of an issue previously decided if the party against whom the prior decision is asserted had “a ‘full and fair opportunity’ to litigate that issue in the earlier case.”
 
 Allen v. McCurry,
 
 449 U.S. 90, 94-95, 101 S.Ct. 411, 414-15, 66 L.Ed.2d 308 (1980). Collateral estoppel treats as final only those issues “actually and necessarily determined” in the prior suit.
 
 Montana v. United States,
 
 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).
 

 The 1970 amendments to the Bankruptcy Act grant exclusive jurisdiction to the bankruptcy courts to determine certain questions of dischargeability now contained in 11 U.S.C. 523(c).
 
 Brown v. Felsen,
 
 442 U.S. at 129-30, 99 S.Ct. at 2208-09. In
 
 Brown v. Felsen,
 
 the Supreme Court held that federal policies underlying the Bankruptcy Act, including the policy that dis-
 
 *115
 
 chargeability questions be resolved only after the “fullest possible inquiry,” required that prior state court judgments not be given
 
 res judicata
 
 effect to preclude litigation of dischargeability issues which could have been, but were not, litigated in the earlier proceeding.
 
 Id.
 
 at 138-39, 99 S.Ct. at 2208-09;
 
 see also Spilman v. Harley,
 
 656 F.2d 224, 226 (6th Cir.1981)
 
 reh’g denied.
 
 The Court reserved the question of the collateral estoppel or issue preclusive effect of “questions actually and necessarily decided in a prior suit.”
 
 Brown v. Felsen,
 
 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10. It noted, however, that “in the absence of countervailing statutory policy,” collateral estoppel would bar relitigation of those issues in bankruptcy court.
 
 Id.
 

 The application of collateral estoppel to preclude relitigation of questions actually litigated and necessarily decided by a jury in an earlier diversity action is consistent with the policy of the bankruptcy statute and the Supreme Court’s decision in
 
 Brown v. Felsen.
 
 As noted by the Sixth Circuit in
 
 Spilman v. Harley,
 
 656 F.2d 224:
 

 The determination, whether or not a certain debt is dischargeable is a legal conclusion based upon the facts in the case. The bankruptcy court has the exclusive jurisdiction to make that legal conclusion. It must apply the statute to the facts and decide to discharge or not. Therefore, res judicata does not apply to prevent litigation of every issue which might have been covered in the ... [earlier] proceeding on the debt. However, that Congress intended the bankruptcy court to determine the final result — dis-chargeability or not — does not require the bankruptcy court to redetermine all the underlying facts.
 

 Id.
 
 at 227.
 

 The Third Circuit, in
 
 Matter of Ross,
 
 602 F.2d 604 (3d Cir.1979), held that collateral estoppel would preclude relitigation of an issue previously litigated by the parties in federal court if the bankruptcy court found that: “(1) the issue sought to be precluded [was] the same as that involved in the prior action, (2) that issue [was] actually litigated, (3) it [was] determined by a valid and final judgment, and (4) the determination [was] essential to the prior judgment.”
 
 Id.
 
 at 607-08. Other circuits have held that collateral estoppel may apply in bankruptcy discharge proceedings to bar relitigation of factual determinations actually and necessarily litigated by the parties in prior state court proceedings.
 
 See, e.g., Matter of Shuler.
 
 722 F.2d 1253, 1256 (5th Cir.),
 
 cert. denied
 
 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed. 2d 32 (1984);
 
 Spilman, supra,
 
 656 F.2d at 227-28.
 
 But see In re Rahm,
 
 641 F.2d 755, 757 (9th Cir.),
 
 cert. denied
 
 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981) (while collateral estoppel has no effect in bankruptcy court, a prior judgment may establish a prima facie case of nondis-chargeability).
 

 The application of a collateral estoppel bar obviously serves important interests. These interests do not disappear simply because the subsequent proceedings are in bankruptcy. Judicial resources are always conserved by avoiding duplicative relit-igation of identical issues. The application of the bar ensures that parties will eschew the piecemeal presentation of their case. There is also no reason here to prefer the fact-finding of a bankruptcy judge to that of a jury so long as the same issue was presented in each proceeding. The earlier jury trial was necessarily closer in time to the disputed events. Further, the unique value of a jury is its ability to weigh the testimony of witnesses and to resolve disputed questions of fact. In arriving at such factual determinations, a jury’s findings have particular credibility and are entitled to great deference.
 
 See Long v. West,
 
 794 F.2d at 931. The presentation of the evidence and testimony in a full trial may well be more thorough than in an evidentia-ry hearing. For all these reasons, the bankruptcy court in this case quite properly declined to disregard the preclusive effect of the earlier tort suit.
 

 III.
 

 Appellant argues that the jury’s use of a preponderance of the evidence standard in the tort action precludes the application of a collateral estoppel bar in the bankruptcy
 
 *116
 
 discharge proceeding. He contends that a debt may be determined to be nondis-chargeable under 11 U.S.C. § 523(a)(6) only if it is shown by clear and convincing evidence to have resulted from a willful and malicious injury by the debtor. He therefore argues that there is no identity between the issues to be determined in the two proceedings.
 
 See Matter of Ross,
 
 602 F.2d at 608 (requiring identity of issues as a prerequisite to issue preclusion). We do not, however, find the jury’s use of the “preponderance of the evidence” standard in arriving at its verdict to be fatal to preclusion, so long as the principles of collateral estoppel are cautiously and carefully applied.
 

 The Bankruptcy Code is silent as to the standard of proof necessary to establish the exceptions to discharge in § 523. In the face of this silence, courts may not imply a higher standard than the preponderance standard normally applied in civil proceedings. Although the “fresh start” philosophy of bankruptcy law requires that exceptions to discharge “be confined to those plainly expressed,”
 
 Gleason v. Thaw,
 
 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915), this policy does not justify judicial imposition of a heavier burden of proof on creditors seeking to have a debt determined nondischargeable under § 523(a)(6).
 

 Congress had reasons for enacting the exceptions to discharge in bankruptcy embodied in § 523. While bankruptcy proceedings are intended to afford debtors a “fresh start,” the provision at issue here expresses Congress’ determination that debts incurred as the result of a debtor’s willful and malicious injury of another are of a type that bankruptcy ought not to forgive. The balance of these competing policies does not require a heightened, standard of proof of the § 523 exception, but does not require that the bankruptcy court carefully determine that the prerequisites for collateral estoppel have been fully satisfied. Although lower courts are divided on the question of the appropriate standard of proof,
 
 compare In re Shepherd,
 
 56 B.R. 218, 221 (W.D.Va.1985);
 
 In re Boren,
 
 47 B.R. 293, 295 n. 8 (Bankr.W.D.Ky.1985);
 
 In re Baiata,
 
 12 B.R. 813, 817 (Bankr.E.D.N. Y.1981) (applying preponderance of evidence standard)
 
 with In re Peoni,
 
 67 B.R. 288, 290 (Bankr.S.D.Ind.1986);
 
 Matter of Wintrow,
 
 57 B.R. 695, 703 (Bankr.S.D.Ohio 1986);
 
 In re Capparelli,
 
 33 B.R. 360, 366 (Bankr.S.D.N.Y.1983) (applying clear and convincing evidence standard), we hold that the policies of the Bankruptcy Code are best effectuated by requiring that creditors prove by a preponderance of the evidence the willfulness and maliciousness of the debtors’ acts under § 523(a)(6) and by waiting for Congress, not the courts, to signal a departure from this standard. Applying this standard, we find no fatal impediment to the application of issue preclusion in this case.
 

 IY.
 

 A primary purpose of bankruptcy law is to give honest debtors a fresh start “unhampered by the pressure and discouragement of preexisting debt.”
 
 Lines v. Frederick,
 
 400 U.S. 18, 19, 91 S.Ct. 113, 113-14, 27 L.Ed.2d 124 (1970). In determining whether collateral estoppel applies to bind a party to a jury’s earlier verdict, the federal policies underlying discharge and its statutory exceptions require that the conditions necessary for issue preclusion be addressed with special care. Whether principles of preclusion are invoked, as here, against a judgment debtor by a creditor seeking to establish the non-dischargeability of a debt or, as in
 
 Brown v. Felsen,
 
 442 U.S. at 129, 99 S.Ct. at 2208, by a debtor defending against a creditor’s claim that a debt is exempted from discharge, the bankruptcy judge must make a careful and considered determination that the issue was actually litigated and necessary to the earlier, decision.
 
 See, e.g., Matter of Schuler,
 
 722 F.2d at 1256-58;
 
 Spilman,
 
 656 F.2d at 228-29;
 
 Matter of Ross,
 
 602 F.2d at 608. We affirm the district court’s finding of preclusion because the jury instructions and verdict leave no doubt that the willful and malicious nature of Combs’ acts was litigated by the parties in the earlier tort action and necessarily de
 
 *117
 
 termined by the jury when it awarded punitive damages to the plaintiff, Richardson.
 

 The trial court instructed the jury that “to find punitive damages in this case, it’s necessary that you find that the Defendant not only committed assault, but did so with malice.” The court then defined “actual malice” for the jury. Its instructions also made clear that the plaintiff was entitled to punitive damages if the jury believed “from the preponderance of the evidence that the defendant acted with actual malice.” The instructions emphasized that neither compensatory or punitive damages are presumed but that they must be proven by the plaintiff by a preponderance of the evidence.
 

 In many cases, a review of the full transcript may be required before the bankruptcy court can determine that an issue was actually and necessarily litigated in an earlier suit. Here, however, the instructions demonstrate that the question of malice was actually litigated by the parties in connection with the issue of punitive damages. When the jury returned its verdict awarding punitive damages to the plaintiff, its finding that “the defendant acted willfully and maliciously” was an essential prerequisite to that award.
 

 We do not imply that every punitive award in a prior tort suit automatically renders the judgment debt nondischargeable in bankruptcy. In this case, the congruence between the statutory standard in § 523(a)(6), and the jury instructions, verdict form, and the nature of the earlier cause of action was complete. The standard for punitive damages is established by state law and may vary from the federal requirement for nondischargeability. In such cases issue preclusion will be problematic.
 

 In the instant case, we are satisfied from the record available to us that the bankruptcy court properly assessed the prerequisites for issue preclusion, and that appellant is therefore barred from relitigating the question of the willful and malicious nature of his acts.
 

 The judgment of the district court upholding the grant of summary judgment to appellee on the question of nondischarge-ability is
 

 AFFIRMED.