892 F.2d 1042
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ruth E. Paden STONE, Plaintiff-Appellee,
v.
Marvin Charles BECKER, Defendant-Appellant.
 No. 89-2048.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 2, 1989.
Decided: Dec. 22, 1989.
 
 Michael Steven Weisberg, Neil K. Winchester, Weisberg & Stein, P.C., on brief, for appellant.
 Leonard D. Levine, Pender & Coward, on brief, for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The plaintiff, Ruth E. Paden Stone, gained a Virginia state court judgment against Marvin Charles Becker for $34,000. The Virginia state court determined that there had been a defalcation in breach of trust. Becker subsequently declared bankruptcy, and the case concerns whether the $34,000 judgment debt, as Stone asserted, was non-dischargeable. The United States Bankruptcy Court held it not to be dischargeable, and that decision was affirmed by the district court.
 
 
 2
 The appeal revolves around the contention that the analysis employed to establish collateral estoppel and thus the non-dischargeability of the debt was inappropriate because the standard of proof in the state court proceeding was merely "by a preponderance" while "clear and convincing evidence" is required in bankruptcy. A look at precedent leads to the conclusion that it is to be doubted whether there is any difference in the degree of proof needed. Furthermore, Stone has advanced telling evidence that, in any event, there was clear and convincing proof of the state court judgment.*
 
 
 3
 The somewhat ephemeral distinction between the two questions of proof does not mandate an entirely new trial when, as here, the issue was a simple one very convincingly proven. Becker had a full and fair opportunity to try to present evidence in support of his case. See Combs v. Richardson, 838 F.2d 112 (4th Cir.1988).
 
 
 4
 The parties have agreed to submission on the briefs and perusal of them and the record has proven adequate for us to reach decision without oral argument.
 
 
 5
 The judgment is, accordingly,
 
 
 6
 AFFIRMED.
 
 
 
 *
 The state court instructed the jury:
 You shall find your verdict for the plaintiff if she proved by clear and convincing evidence that the defendants wrongfully converted to their own use monies entrusted to them in a trust capacity by plaintiff.