900 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carlos Ernesto ANZOATEGUI, Plaintiff-Appellant,
v.
RIGGS NATIONAL BANK, Defendant-Appellee.
 No. 89-2351.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1989.
Decided March 9, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (C/A No. 88-57).
 Carlos Ernesto Anzoategui, appellant pro se.
 Roderick H. Angus, Huston & Angus, for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before DONALD PHILLIPS and WILKINSON, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Carlos Ernesto Anzoategui appeals from the district court's order affirming the decision of the bankruptcy court to grant summary judgment upon finding that the debt at issue was nondischargeable under 11 U.S.C. Sec. 523. Because our review of the record and the district court's opinion discloses that there was a genuine dispute as to whether Anzoategui had the authority to withdraw funds from his father's account, we vacate the judgment of the district court and remand this case to the district court for further proceedings.
 
 I.
 
 2
 The Circuit Court of Montgomery County, Maryland, entered summary judgment in favor of the Riggs National Bank [Riggs] and against Carlos Anzoategui, finding that Anzoategui was responsible for a debt of $13,866.78.[1] In this state proceeding, Riggs argued that (1) Anzoategui did not have the authority to withdraw funds from his father's account, and (2) Anzoategui had agreed to pay Riggs $13,866.78 plus interest, implying that this agreement was an admission of guilt.[2] Although the state court's grant of summary judgment could have been entered on either basis, the state court failed to state the reasoning upon which summary judgment was granted. Following the state court judgment, Anzoategui filed for bankruptcy.
 
 
 3
 Riggs filed a complaint in the bankruptcy proceeding, claiming that the debt was procured by fraud and was thus nondischargeable. After hearing argument, the bankruptcy court, finding that "the issues [in the state court] were precisely as they were here," granted summary judgment in favor of Riggs. On appeal, the district court found that the debt was procured by fraudulent means and affirmed the entry of summary judgment in favor of Riggs.
 
 
 4
 When the records of an earlier state court proceeding granting summary judgment do not indicate that the issue of fraud was actually and necessarily litigated, a bankruptcy court may not rely on collateral estoppel as ground for finding fraud. Combs v. Richardson, 838 F.2d 112 (4th Cir.1988). Because the state court might have based its decision on Anzoategui's agreement to pay the debt, a fraud determination was not essential to the state court judgment and collateral estoppel does not apply. Therefore, the propriety of summary judgment in the bankruptcy court turns on normal principles of summary judgment.
 
 
 5
 The sole issue before the bankruptcy court was whether Anzoategui had his father's authority to withdraw funds from the father's bank account. Anzoategui said he had such authority; Riggs said he did not. In support of his argument, Anzoategui, the non-moving party, provided to the court a signed affidavit, evidence upon which a jury could find that he did in fact have his father's authority to withdraw funds. Thus, because Anzoategui had preserved a genuine issue of material fact the bankruptcy court's grant of summary judgment was error and, accordingly, the district court's affirming such grant was also error.
 
 
 6
 Consequently, we remand this case for a factual determination of whether Anzoategui had the authority to withdraw funds from his father's account. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The total judgment amounted to $16,099.27: an initial debt of $13,866.78 plus interest charges of $2,232.49
 
 
 [2]
 Anzoategui claims that this letter was not an admission of guilt, but rather a compromise made in exchange for Riggs' promise not to pursue a criminal prosecution. Anzoategui states that he attempted to comply with the agreement, but claims that he was robbed while en route to pay Riggs the $13,000