Robinson O. **EVERETT, Individually,** Robinson O. Everett, Executor of the Estate of Kathrine R. Everett, J.H. Froelich, Jr., and James Thrash, Plaintiffs,

v.

**CONTINENTAL BANK, N.A., Defendant.**

No. 1:92CV00629.

United States District Court, M.D. North Carolina.

Jan. 12, 1994.

Robinson Everett of the firm Everett, Gaskins, Hancock & Stevens, Durham, NC, Catherine O'Conner of the firm Everett, Gaskins, Hancock & Stevens, Raleigh, NC, for plaintiffs.

Howard Rolin and Andrew Marovitz of the firm Mayer, Brown & Platt, Chicago, IL, Kenneth Jones and Walter Rand, III, of the firm Carruthers & Roth, Greensboro, NC, for defendant.

## MEMORANDUM OPINION AND ORDER

HIRMAN H. WARD, Senior District Judge.

This matter comes before the Court on defendant's Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted or in the alternative to Transfer and defendant's Motion to Stay. For the reasons stated herein, the Court will grant defendant's motion to dismiss, deny defendant's motion to transfer and deny defendant's motion to stay.

### I. FACTS

Plaintiffs are the principals of Guilford Telecasters ("Guilford"), a North Carolina corporation that in 1984 borrowed $4.2 million from defendant, Continental Bank, N.A. ("Continental"). Each of the plaintiffs executed an individual written guaranty of Guilford's debt. All plaintiffs were responsible for the Continental debt in an amount equal to his or her pro rata ownership interest in the corporation.

In 1986, Guilford defaulted on its obligations to Continental and filed for bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina. Consequently, Continental turned to the guarantors for payment of the loan. In 1987, the guarantors began to make timely payments on the debt pursuant to their written guarantees. However, the guarantors later suspended their payments and declined to pay the entire amount due under the terms of the Guilford note. On March 14, 1990, Continental brought an action against the guarantors in the United States District Court for the Northern District of Illinois to recover on the note.

The guarantors challenged personal jurisdiction but the Court held that it had personal jurisdiction. *Continental Bank N.A. v. Everett,* 742 F.Supp. 508 (N.D.Ill.1990). On a motion for summary judgment, the Illinois court entered a final judgment against guarantors Robinson and Kathrine Everett.

*Continental Bank N.A. v. Everett,* 760 F.Supp 713 (N.D.Ill.1991). The United States Court of Appeals for the Seventh Circuit affirmed the judgment on the merits and remanded the case solely for the computation of the amount of default interest and enforcement expenses. *Continental Bank N.A. v. Everett,* 964 F.2d 701 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 816, 121 L.Ed.2d 688 (1992).

Continental registered the judgment in this district since this is where plaintiffs' assets are located. Plaintiffs responded by (1) filing objections in both Illinois and North Carolina Federal Courts to the registration of the judgments, (2) filing two motions in the Illinois Federal Court to obtain relief from the judgment under Federal Rule of Civil Procedure 60(b), and (3) filing a lawsuit by Guilford, with guarantor Robinson Everett as its counsel, attempting to recalculate the amount of guaranteed debt to Continental. Plaintiffs lost on all of these actions.

After being unsuccessful on the above actions, plaintiffs filed the current complaint consisting of claims of abuse of process, defamation, along with derivative claims of unfair trade practice, and emotional distress. Continental contends and the court agrees that plaintiffs' claims rest on two central allegations and two associated derivative claims. The first allegation is that Continental's registration in North Carolina of the judgments obtained in Illinois was improper and the second allegation is that Continental defamed plaintiffs' credit by improperly failing to credit the judgments which had been recorded against the plaintiffs with subsequent payments made by Guilford. Continental contends that both allegations have been previously addressed by a court of competent jurisdiction and thus the claims are barred by collateral estoppel and res judicata. In its response, plaintiffs maintain that the allegations in this action were not previously addressed or if they were previously addressed then the prior ruling is not entitled to preclusive effect.

With regard to the derivative claims, Continental argues in the alternative that the unfair trade practice and intentional infliction of emotional distress should be barred by collateral estoppel and res judicata or be dismissed for failure to allege essential elements. Plaintiffs contend that the claims are not barred and the complaint satisfactorily alleges all of the necessary elements.

## II. DISCUSSION

The court agrees with Continental's assertion that the central issues in this matter are (1) whether Continental's registration of the Illinois judgment in North Carolina was proper and (2) whether Continental improperly refused to mark the judgments partially satisfied and thus defamed plaintiffs' credit. Each of these issues will be discussed separately.

### A. Registration of the Illinois Judgment

■ Continental obtained a judgment against plaintiffs rendered by the United States District Court for the Northern District of Illinois on July 30, 1991. *Continental Bank v. Everett,* 760 F.Supp 713 (N.D.Ill. 1991). The United States Court of Appeals for the Seventh Circuit affirmed the judgment on the merits and remanded the case solely for the computation of the amount of default interest and enforcement expenses. *Continental Bank N.A. v. Everett,* 964 F.2d 701 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 816, 121 L.Ed.2d 688 (1992).

This judgment was registered in North Carolina in October, 1991. Plaintiffs challenged the registration of the judgment in North Carolina on the grounds that North Carolina statutory law was violated. In an opinion issued on April 28, 1992, Magistrate Judge Eliason held that the registration was proper and he stated that "the Court rejects defendants' claim that Continental is not entitled to execution on the judgment because the judgment is not final or because it is otherwise not properly registered". Judge Bullock affirmed Magistrate Judge Eliason's opinion on June 5, 1992. .

Continental claims that collateral estoppel and res judicata bar the relitigation of whether the Illinois judgment was properly registered in North Carolina. "Collateral estoppel bars relitigation of an issue previously

decided if the party against whom the prior decision is asserted had 'a full and fair opportunity' to litigate that issue in the earlier case." *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir.1988). Collateral estoppel, "by avoiding duplicative relitigation of identical issues ensures that parties will eschew the piecemeal presentation of their case" thereby conserving judicial resources. *Id.* at 115.

Plaintiffs have submitted no evidence to indicate that they did not have a full and fair opportunity before Magistrate Judge Eliason to litigate whether the Illinois judgment was properly registered in North Carolina. Plaintiffs lost on the precise issue that they are now attempting to relitigate. Clearly, the issue plaintiffs raise has been determined in a proceeding where they had an opportunity for a full and fair hearing. Thus, plaintiffs' claim is barred by the doctrine of collateral estoppel.

■ The doctrine of res judicata provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n. 6, 102 S.Ct. 1883, 1890 n. 6, 72 L.Ed.2d 262 (1982). The Fourth Circuit stated:

> Res Judicata "is not a technical rule but a rule of 'fundamental and substantial justice' of public policy and private peace which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way."

*Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir.1989), *cert. denied,* 497 U.S. 1005, 110 S.Ct. 3242, 111 L.Ed.2d 752 (1990). In order to establish res judicata, three elements must be proven. There must have been "(1) a judgment on the merits in a prior suit resolving, (2) claims by the same parties or their privies, 'and (3) a subsequent suit based on the same cause of action." *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir.1990).

In the present case, one of the issues plaintiffs rely upon is whether the Illinois judgment was properly registered in North Carolina. This same issue was raised by plaintiffs in an action against Continental that was decided by Magistrate Judge Eliason. It is clear that plaintiffs are attempting to relitigate the very issue previously decided by Magistrate Judge Eliason. Therefore, the Court finds that under the doctrine of res judicata the decision by Magistrate Judge Eliason, which was affirmed by Judge Bullock, also bars plaintiffs' claim.

**B. Continental's Refusal to Mark the Judgments Partially Satisfied.**

■ The second issue raised by plaintiffs is their claim that Continental should have marked the judgment registered in North Carolina as being partially satisfied after Guilford made payments to reduce the amount of the debt. Plaintiffs made this same argument before Judge Nordberg in the Northern District of Illinois on July 9, 1992. *Continental Bank, N.A. v. Everett,* 90-C-1476 (July 9, 1992). While plaintiffs were requesting that Judge Nordberg require Continental to mark the judgments as being partially satisfied by payments made by Guilford, plaintiffs were simultaneously moving in Federal Court in North Carolina that Guilford be allowed to recover the very money for which plaintiffs were attempting to receive credit. Judge Nordberg stated that plaintiffs were "seeking to get credit for something that [they were] trying to get back" and they "can't have it both ways." Therefore, Judge Nordberg held that plaintiffs' action to compel Continental to mark the judgments as being partially satisfied was premature and would not be ripe until the North Carolina action to recover the money already paid by Guilford was concluded. Based on Judge Nordberg's ruling, Continental was under no obligation to mark plaintiffs' North Carolina judgments partially satisfied until Guilford's action to recover money already paid to Continental was resolved.

Guilford's action to recover the money paid to Continental was resolved on November 20, 1992 when this Court granted Continental's Motion to Dismiss Guilford's claim to recover money previously paid to Continental. Ac-

cording to Fed.R.App.P. 4(a), Guilford had thirty days in which to appeal the November 20 order. Therefore, the order dated November 20, 1992 did not become final until the expiration of the thirty day appeal period. Guilford did not appeal the November 20 order so the order became final on December 20, 1992.

North Carolina statutory law requires that notice of payment be included on a judgment within thirty days following written demand by the debtor. N.C.G.S. 1–239(c). On January 19, 1993, Continental filed in each court where the judgment was registered a Statement of Continental Bank on Credits Against Judgment which delineates the payments made on behalf of Guilford. These statements were filed within thirty days of the date on which the dismissal of Guilford's refund suit became final.

Judge Nordberg held that any judicial action to require Continental to mark the judgments partially paid was improper until the action to recover Guilford's payments was complete. The action by Guilford was complete and final on December 20, 1993. North Carolina law required Continental to file a statement of payment within thirty days of written demand by plaintiffs. However, Plaintiffs could not have properly made a demand and still be in compliance with Judge Nordberg's order until December 20, 1992. Continental filed a statement on credits against judgment within thirty days of the earliest possible date on which plaintiff could have properly demanded such a statement. Therefore, Continental's filing of the statements on January 19, 1993 was in accord with the instructions given by Judge Nordberg and within the time period required by North Carolina law. Thus, Continental acted properly and satisfied all legal obligations owed to plaintiffs with respect to filing of notices regarding payments made by Guilford.

## C. Plaintiffs' Derivative Claims.

■ Plaintiffs make several claims that derive from the claims that are discussed above. Plaintiffs claim that Continental committed unfair and deceptive trade practices under N.C.G.S. § 75–1.1 and committed in-

tentional infliction of emotional distress. Both of these claims are a result of Continental registering their judgment in North Carolina and refusing to mark the judgments as partially satisfied until January 19, 1993. As discussed above, previous judicial decisions have held that all of Continental's actions were proper with respect to the judgments obtained against plaintiffs. Since Continental acted properly, there could be no unfair or deceptive trade practices and thus plaintiffs' claim for unfair and deceptive trade practices under N.C.G.S. § 75–1.1 must be dismissed.

■ Plaintiffs claim that Continental engaged in a "course of conduct" that caused them emotional distress. However, all of the conduct alleged by plaintiffs was proper and in accord with previous court opinions. To succeed on a claim for intentional infliction of emotional distress, plaintiffs must allege conduct by defendant that is extreme and outrageous and that is intended to cause severe emotional distress. *Waddle v. Sparks*, 331 N.C. 73, 414 S.E.2d 22 (1992). Plaintiffs fail to allege any behavior, other than behavior that has been approved by prior courts, that could possibly be so outrageous as to constitute intentional infliction of emotional distress. Thus, plaintiffs' claim for intentional infliction of emotional distress must be dismissed.

Continental moved in the alternative to transfer this action to Illinois. Since the entire action is resolved with this opinion and order, the motion to transfer will be denied. For the same reason, Continental's motion to stay will be denied.

**IT IS THEREFORE ORDERED,** that Continental's Motion to Dismiss be, and the same hereby is, **GRANTED,** that Continental's Motion to Transfer be, and the same hereby is, **DENIED,** that Continental's Motion to Stay be, and the same hereby is, **DENIED** and that this action be, and the same hereby is, **DISMISSED** with prejudice.