**Michael F. ROWE, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

**Civil Case No. PJM 96–3782.**

United States District Court, D. Maryland.

June 30, 1997.

Geri Lyons Chase, Greenbelt, MD, for Plaintiff.

Kaye A. Allison, U.S. Attorney, Baltimore, MD, Daniel H. Kurtenbach, Thomas L. Holzman, Washington, DC, for Defendant.

MESSITTE, District Judge.

## OPINION

Michael F. Rowe has sued the Federal Deposit Insurance Corporation (FDIC), successor in interest to the Resolution Trust Corporation (RTC). Rowe challenges a decision of the RTC denying federal deposit insurance coverage as to certain accounts he held at the John Hanson Federal Savings Bank, a failed thrift institution. FDIC has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). No hearing is deemed necessary. Local Rule 105.6 (D.Md.1994). The Court has considered the arguments presented and will GRANT FDIC's motion.

### I.

The Court accepts as true the following allegations set out in Rowe's Complaint:

He and his mother Hazel Rowe were cosignatories on three separate savings accounts at the John Hanson Federal Savings Bank, which totaled $163,547.12. John Hanson operated under the conservatorship of the RTC until it was closed on June 10, 1994. During its conservatorship, RTC employees managed the institution.

Rowe contends that in fact two of the three accounts, containing $93,837.56 and $5,767.08 respectively, belonged solely to him while the third account, containing $63,942.48, belonged solely to his mother. He claims that during the period of the conservatorship, Hazel Rowe visited John Hanson to make a deposit into the account she believed belonged solely to her. Because she was concerned about the safety of her money, Mrs. Rowe specifically inquired of the John Hanson manager whether "her" account would be protected by the $100,000 per account deposit insurance limit. Receiving assurance it would be, she deposited funds into the account. At the time John Hanson closed, the account had a balance of $63,942.48.

With the closure of the bank and the effective loss of her funds, Hazel Rowe made a claim for insurance coverage with the RTC. The RTC rejected the claim, finding as a matter of fact that all three of the accounts bearing Hazel and Michael Rowe's names were joint accounts. It therefore combined the accounts for insurance purposes and applied a single $100,000 deposit insurance limit to them. Hazel Rowe's claim, which was rejected, was for the amount by which the

aggregate of the three accounts exceeded the $100,000 deposit insurance limit, some $64,-000.

Mrs. Rowe eventually sued the RTC in the United States District Court of the District of Columbia challenging the RTC's decision denying her claim. The case was transferred to this District where it was assigned to the Honorable Alexander Williams, Jr. The case ended on April 20, 1995 when Judge Williams granted RTC's motion to dismiss. He concluded that the RTC's decision was amply supported by statutes and regulations applicable to the determination of the ownership and aggregation of bank accounts for purposes of determining the maximum insurable limit of $100,000. He rejected the argument that the RTC was estopped from denying additional coverage based on alleged misrepresentations made to Hazel Rowe by RTC employees.

Michael Rowe did not appear as a co-Plaintiff in the Hazel Rowe litigation nor was his joinder sought by either plaintiff or defendant therein. His did, however, participate in the administrative phase of the proceeding when, on behalf of his mother, he requested that the RTC reconsider its deposit insurance determination.

## II.

Before this Court, the FDIC moves to dismiss Michael Rowe's complaint for failure to state a claim, pursuant to Fed. R. Civ. P 12(b)(6). Its arguments are essentially threefold: (1) that by virtue of the Hazel Rowe litigation, there is claim preclusion; (2) that for the same reason, there is dispositive issue preclusion; and (3) that, in any case, Michael Rowe has failed to exhaust his administrative remedies.

## III.

The FDIC's principal argument is claim preclusion. It argues that Judge Williams' decision forecloses any revisitation of the issue in this case.

Specifically, Judge Williams found:

The RTC [after the closure of John Hanson] advised Plaintiff [Hazel] Rowe, that pursuant to 12 U.S.C. §§ 1821(a)(1)(B) and (C), and 12 C.F.R. § 330.7 her three accounts, collectively, exceeded the statutory maximum insurance coverage of $100,-000.00. The RTC determined and informed Plaintiff that part of her funds, that portion in excess of the $100,000.00 limit, then on deposit with John Hanson were not insured.

Plaintiff [Hazel] Rowe, through her son [Michael Rowe], requested reconsideration of the RTC's determination. In a letter addressed to Plaintiff [Hazel] Rowe and dated July 22, 1994, the RTC denied the request. On September 20, 1994, Plaintiff [Hazel] Rowe filed the instant suit against the RTC. . . .

The FDIC cites the Fourth Circuit's Opinion in *Varat Enterprises, Inc. v. Nelson, Mullins, Riley and Scarborough*, 81 F.3d 1310 (4th Cir.1996) for the law of claim preclusion:

Generally, claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*Varat*, 81 F.3d at 1315.

The FDIC argues in this case that the Hazel Rowe judgment was both final and on the merits, was rendered by a court of competent jurisdiction, and was in accordance with the requirements of due process.

It next says that while the plaintiffs in the two cases are not identical, Michael Rowe was nevertheless in privity with his mother in her suit. Accordingly, it points to the fact that the Rowes were cosignatories on the three accounts, that Michael Rowe acted on his mother's behalf when requesting reconsideration of the RTC's deposit insurance determination, and that he also "considered the RTC's deposit insurance determination to be equally applicable to Hazel Rowe and to him(self)."

Finally, FDIC argues that the claims in the second matter are based upon the same

cause of action involved in the earlier proceeding.

## IV.

 The Court accepts that *Varat's* first and third conditions for claim preclusion are fulfilled here. Where the FDIC's argument falters, however, is on the matter of privity.

 Contrary to the FDIC's position, the general rule is that "when two or more persons have concurrent ownership interest in property, a judgment ... against one of them concerning his interest does not have effects under the rules of *res judicata* on another such owner", except in certain circumstances. Restatement (Second) of Judgments § 54 (emphasis added). The Reporter's Note to that section of the Restatement, moreover, suggests that "[t]he general rule of this Section is long established", and goes on to numerous cases in support of that proposition.

It is true that among the exceptions to the rule just stated are situations where a person not party to the prior action in effect controlled or substantially participated in controlling the presentation on behalf of the prior party with regard to the issues. See Restatement (Second) of Judgments § 39. Similarly, a person who has agreed to be bound by the determination of issues in the prior action will be subsequently bound in accordance with terms of his agreement in *Id.* § 40. But as a leading treatise has pointed out, nonparty control for purposes of *res judicata* must be extensive:

> "Such relationships between a party and a nonparty are most often found when a liability insurer assumes control of a defense, an indemnitor participates in defending an action brought against its indemnitee, or the owners and officers of a closely held corporation control corporate litigation.

> Lesser measures of participation without control do not suffice. Thus it is not enough that the nonparty supplied an attorney or is represented by the same law firm; helped to finance the litigation; appeared as an amicus curiae; testified as a witness; participated in consolidated pretrial proceedings; undertook some limited presentations to the court; or otherwise participated in a limited way. Even a nonparty who was "heavily involved" may remain free from preclusion." (Footnotes omitted).

18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, Jurisdiction § 4451.

Nor is there any evidence of any agreement on Michael Rowe's part to be bound by the prior litigation, even though he appears to acknowledge that he and his mother are similarly situated. Michael Rowe, therefore, would not appear to be deterred in the present case by the doctrine of *claim preclusion*.[1]

 His path, however, does remain blocked by the fact that the Court lacks jurisdiction to go forward with his claim. As the FDIC convincingly points out, albeit in a footnote, the Complaint in the present case appears to allege that in the prior case all the RTC did was to deny Hazel Rowe's claim relating to her separate account. Michael Rowe's contention is that the present lawsuit is different because he is laying claim to the two other accounts, which he says were separately his. But to the extent that that is Michael Rowe's theory—and certainly it

---

1. Claim preclusion is one of two concepts comprising the doctrine of res judicata, the other being issue preclusion. *Varat*, 81 F.3d at 1315. Issue preclusion is the narrower of the two and precludes subsequent litigation of legal and factual issues common to both actions that were "actually and necessarily determined by a court of competent jurisdiction" in the earlier litigation. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir.1988).

In order for a subsequent litigant to be issue-precluded, he still must be in privity with the prior litigant. *See Southern Pacific Railroad v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897) (referring to "subsequent suit between the same parties or their privies"). The fact that Michael Rowe was a concurrent owner of three bank accounts with his mother makes him no more a privy in the issue preclusion context than it does in the claim preclusion context.

A puzzling and unanswered question in the present case is why the RTC never sought Michael Rowe's joinder to the earlier litigation pursuant to Rules 17 or 18 of the Federal Rules of Civil Procedure.

must be if he is going to disavow the *res judicata* effect of his mother's prior proceeding—then he is required to have exhausted his own administrative remedies with regard to the accounts he claims as his own. He cannot rely on his mother's pursuit of an administrative claim as to her separate account. But he has not pursued his administrative remedies and the result, as far as he is concerned, is the end of his claim before this Court, at least for now. This is so for the simple reason that, in the absence of exhausted administrative remedies, this Court lacks jurisdiction to proceed. See *DeCell and Associates v. FDIC*, 36 F.3d 464, 469 (5th Cir.1994) *cert. denied* 515 U.S. 1121, 115 S.Ct. 2275, 132 L.Ed.2d 279(1995) (requiring deposit insurance claims to be presented and a final decision by the agency before resorting to judicial remedies); *Brady Development Co. Inc. v. RTC*, 14 F.3d 998 (4th Cir.1994) (administrative claim and judicial review of FIRREA claims are jurisdictional).

Little more, therefore, need be said. The Court is unable to go forward with a formal adjudication at this time.[2]

Accordingly, a separate Order will be entered GRANTING Defendants' Motion to Dismiss.

---

**2.** Although the Court technically cannot pass on the merits of Michael Rowe's claim, it may be helpful to the parties to know that the Court finds Judge Williams' rationale in the Hazel Rowe case highly persuasive and quite likely convincing were Michael Rowe's case to return here.