Filed:  July 3, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 96-2618
(CA-96-2040-Y, BK-95-57331, AP-95-5647)

James Arlin Ramsey,

Plaintiff - Appellee,

versus

David F. Bernstein,

Defendant - Appellant.

O R D E R

The Court amends its opinion filed May 27, 1997, as follows:

On the cover sheet, section 3, line 4 -- the district court's number is corrected to read CA-96-2040-Y.

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: DAVID F. BERNSTEIN,
<u>Debtor.</u>

JAMES ARLIN RAMSEY,

<u>Plaintiff-Appellee,</u>

No. 96-2618

v.

DAVID F. BERNSTEIN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-96-2040-Y, BK-95-57331, AP-95-5647)

Submitted: May 6, 1997

Decided: May 27, 1997

Before NIEMEYER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. Rod Acchiardo, Baltimore, Maryland, for Appellant. Daniel Joseph
Mellin, HILLMAN, BROWN & DARROW, P.A., Annapolis, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Bernstein appeals from the district court's order affirming the bankruptcy court's decision that a Virginia judgment against Bernstein was nondischargeable. Bernstein asserts that he should not be collaterally estopped from relitigating in the bankruptcy court the issues associated with the Virginia judgment because the record relied upon by the bankruptcy court was insufficient to permit a conclusion that the issues were actually litigated in the Virginia proceeding. After reviewing the record and the district court's opinion, we find no reversible error.

Specifically, Bernstein contends that the full transcript of the state court proceeding must be reviewed before the bankruptcy court can determine that an issue was actually and necessarily litigated in the earlier suit. Bernstein's claim is without merit because bankruptcy courts are not required to take extrinsic evidence before a prior civil judgment is assigned a preclusive effect.[1] A debtor is estopped from relitigating an issue in a discharge proceeding if the examination of the record of the earlier proceeding satisfies the bankruptcy court that the issue was raised and litigated and that the issue was necessary to the verdict in the prior case.[2] In this case, the bankruptcy court examined the record and concluded that the pertinent issues were litigated and necessary for the jury's verdict in the Virginia proceeding. Accordingly, the bankruptcy court did not err in finding Bernstein collaterally estopped from relitigating the Virginia judgment in the bankruptcy court.

We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are ade-

_____

[1] Combs v. Richardson, 838 F.2d 112, 114 (4th Cir. 1988).

[2] Id.

2

quately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3