In re Tullius C. ROWND, Jr., Debtor.

THE BUILDING LINK, INC., Plaintiff,

v.

Tullius C. ROWND, Jr., Defendant.

Bankruptcy No. 95–01384–5–ATS.
Adversary No. S–96–00002–5–AP.

United States Bankruptcy Court,
E.D. North Carolina.

July 16, 1997.

---

N. Hunter Wyche, Wyche & Story, Raleigh, NC, for Plaintiff.

W. Sidney Aldridge, Nicholls & Crampton, P.A., Raleigh, NC, for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the motion for summary judgment filed by the plaintiff, The Building Link, Inc. ("TBLI"). A hearing was held in Raleigh, North Carolina on June 11, 1997. The motion will be denied.

This is an adversary proceeding to determine, pursuant to 11 U.S.C. § 523(a)(6), the dischargeability of a debt owed to TBLI by the chapter 7 debtor, Tullius C. Rownd, Jr.

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I) which this court may hear and determine.

TBLI maintains that a judgment that it obtained against the debtor in the United States District Court for the Eastern District of North Carolina for $111,863.29 plus interest is nondischargeable pursuant to 11 U.S.C. § 523(a)(6), and that it is entitled to summary judgment under the doctrine of collateral estoppel because the essential elements of § 523(a)(6), willful and malicious injury, were decided in the civil action in the district court.

The district court civil suit was brought by TBLI against Mr. Rownd and three other defendants, Robert Patton Kelly, III, Jack Birney Curry, Jr., and William Britton, to recover for breach of contract, and for violations of TBLI's trademark, trade dress, copyright, and trade secrets that arose from a publication distributed to builders in Columbia and Hilton Head, South Carolina. The jury found among other things that the defendants misappropriated TBLI's trade secrets (Issue # 8), that the misappropriation was "willful and malicious" (Issue # 9), that TBLI was entitled to compensatory damages of $13,862.29 from the defendants for violation of "intellectual property rights" (Issue # 10), that TBLI was entitled to recover $16,000 from the defendants for trade practice violation (Issue # 13), that TBLI was entitled to recover $1 each from defendants Rownd and Kelly for breach of contract (Issue # 15), and that TBLI was entitled to recover punitive damages of $50,000 from defendant Rownd, $50,000 from defendant Kelly, and $80,000 from defendant Britton (Issue # 16). A judgment was entered against Mr. Rownd in the amount of $111,-863.29 ($13,862.29 (compensatory damages for violation of intellectual property rights) + $48,000 ($16,000 for trade practice violation trebled under North Carolina's unfair and deceptive trade practice law) + $1 (compensatory damages for breach of contract) + $50,000 (punitive damages)) plus interest at the per annum rate of 5.52% from September 26, 1995, plus attorneys' fees and costs. The district court found that reasonable attorneys' fees were $63,114 and that costs were $4,134.97.

The amount of TBLI's judgment against Mr. Rownd including attorney fees and costs is $179,112.26 plus interest, but the plaintiff's motion for summary judgment seeks a determination that only $111,863.29 of this amount is nondischargeable.

■ Bankruptcy Code § 523(a)(6) excludes from a chapter 7 debtor's discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." TBLI maintains that the jury in the district court civil action found that Mr. Rownd's acts were willful and malicious and that under the doctrine of collateral estoppel, the debt represented by the district court judgment is nondischargeable under § 523(a)(6).

■ The debtor argues that collateral estoppel should not apply in this proceeding because he was denied a fair opportunity to litigate the relevant issues in the district court. For collateral estoppel to preclude the relitigation of an issue previously decided, the party against whom collateral estoppel is asserted must have had a "full and fair opportunity" in the prior case to litigate the issue sought to be precluded. *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir.1988) (citations omitted); *Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 624 (4th Cir. 1995); *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citations omitted). Mr. Rownd contends that he was not able to effectively defend the prior litigation because he and his codefendants were unrepresented by counsel. The district court action involved complex issues and Mr. Rownd may have been disadvantaged by not having the assistance of an attorney, but that does not mean that he was denied a "full and fair opportunity" to be heard on all issues. To hold otherwise would effectively eliminate the doctrine of collateral estoppel in proceedings involving pro se litigants.

■] Mr. Rownd also argues that he did not have a fair opportunity to be heard because the issues submitted to the jury "lumped" all of the defendants together and the jury was not asked to determine whether the acts of each defendant were "willful and malicious." The court is not persuaded by that argument. It is true that the issues in the district court litigation were framed with respect to the defendants collectively, but that does not diminish the jury's verdict regarding Mr. Rownd's liability. In any event, Mr. Rownd has not appealed from the district court's judgment. The district court denied Mr. Rownd's motion for a new trial and for remittitur, and no appeal from the district court's judgment was pursued.

Although the "lumping" of the defendants does not preclude collateral estoppel, the combining of issues in the district court litigation does make the application of collateral estoppel problematic.

■] For collateral estoppel to preclude a debtor in a dischargeability proceeding from relitigating a dispositive issue, the court must find that the issue was actually litigated and determined by final judgment and that the determination was necessary to the decision in the prior litigation. *M & M Transmissions, Inc. v. Raynor (In re Raynor)*, 922 F.2d 1146, 1148 (4th Cir.1991) (quoting *Combs v. Richardson*, 838 F.2d 112, 113 (4th Cir.1988)). The United States Court of Appeals for the Fourth Circuit has made it clear that "the determination that an issue was actually litigated and necessary to the judgment must be made with particular care." *Combs v. Richardson*, at 113.

The jury in the district court case found that the misappropriation of TBLI's trade secrets by the defendants, including Mr. Rownd, was "willful and malicious" (Issue # 9), but there is no finding as to what damages resulted from that misappropriation. There is a finding for compensatory damages of $13,862.29 with respect to the violation of intellectual property rights (Issue # 10), and a finding for compensatory damages of $16,000 with respect to trade practice violations (Issue # 13), but those findings relate to numerous, collective violations and are not limited to the misappropriation of

trade secrets. In its instructions to the jury with respect to the amount of compensatory damages for the violation of intellectual property rights (Issue # 10), the district court instructed the jury to consider the defendants' gross revenue arising from "the use of the trademark, trade dress, copyrighted work, or trade secrets." (Instructions at p. 30.) Similarly, the instructions to the jury with respect to compensatory damages arising from the trade practice violation (Issues # 11 through # 13) were for the jury to consider damages arising from the defendants' unauthorized use of TBLI's "trademark, trade dress, or trade secrets." (Instructions at p. 32.) The jury found that the defendants had infringed TBLI's trademark (Issue # 2) and copyrights (Issue # 7), but there was no finding that those violations were "willful and malicious." Since the jury considered trademark and copyright violations along with trade secret violations in determining compensatory damages it is impossible for this court to ascertain what portion, if any, of the compensatory damages were related to the defendants' willful and malicious misappropriation of trade secrets. The fact that the debtor willfully and maliciously misappropriated the trade secrets of TBLI has been established by the verdict in the district court, but the amount of compensatory damages arising from that willful and malicious conduct has not been determined and may be litigated in this adversary proceeding.

A closer question is whether the jury determined that the punitive damages it awarded arose from a willful and malicious injury, but before addressing that issue the court must decide whether punitive damages under § 523(a)(6) are nondischargeable as a matter of law.

This court has previously ruled that punitive damages are not nondischargeable under § 523(a)(2)(A) because they "bear no relation to the actual pecuniary loss suffered by the plaintiff and excepting that portion of the claim from the debtors' discharge would be inimical to the 'fresh start' philosophy of the Bankruptcy Code." *Tapp v. Bodtmann (In re Bodtmann)*, No. S–95–00021–5–AP (Bankr. E.D.N.C. Jan. 30, 1996) (quoting *M.C. Mills*

*Automation, Ltd. v. Mitchell,* No. S–90–00229–AP at 4 (Bankr.E.D.N.C. June 20, 1991)); *see also, Palmer v. Levy (In re Levy),* 951 F.2d 196 (9th Cir.1991) and *Peterson v. Bozzano (In re Bozzano),* 173 B.R. 990, 997–99 (Bankr.M.D.N.C.1994) (noting that allowing discharge of punitive damages under § 523(a)(2)(A) is "majority view"). However, the issue now before the court arises under § 523(a)(6), and the United States Court of Appeals for the Fourth Circuit has held that punitive damages are nondischargeable under § 523(a)(6) where the conduct underlying the award of punitive damages springs "from the same conduct giving rise to [the] compensatory damages." *In re McNallen,* 62 F.3d 619, 627 (4th Cir. 1995).

In this case two forms of punitive damages were awarded. The court trebled the amount of the compensatory damages for the "trade practice violation," but, as has already been noted, the compensatory damages for the trade practice violation (Issue # 13) included damages for trademark and trade dress violations for which there was no finding of willfulness or maliciousness. Accordingly, collateral estoppel would not apply with respect to that portion of the judgment related to those damages.

The jury also made a separate punitive damage award of $50,000 against Mr. Rownd that, according to the instructions given to the jury, was based either on the willful and malicious misappropriation of trade secrets or breach of contract. (Instructions at pp. 37–40). The court cannot ascertain what portion of the punitive damages was attributable to the willful and malicious misappropriation of trade secrets and what portion relates to the breach of contract. However, if the jury could only have awarded punitive damages for breach of contract upon finding circumstances amounting to willful and malicious injury under 523(a)(6), the inability of the court to apportion the punitive damages between the two causes of action would be irrelevant, collateral estoppel would apply, and the punitive damages would be nondischargeable.

For a debt to be nondischargeable under § 523(a)(6), the debt must be for an injury that was both willful and malicious. Willful has been defined as "deliberate or intentional." *First Nat'l Bank of Md. v. Stanley (In re Stanley),* 66 F.3d 664, 667 (4th Cir.1995) (quoting H.R. REP. No. 595, at 365 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6320–21, as also quoted in *St. Paul Fire & Marine Ins. Co. v. Vaughn,* 779 F.2d 1003, 1009 (4th Cir.1985)). The Fourth Circuit in *St. Paul Fire & Marine* observed that the "willful" standard is not a loose standard and that more than "reckless disregard" is required. *Id.*

■ As to the malice element, however, the Fourth Circuit has held that there is no need to find specific malice under § 523(a)(6) and that implied malice is sufficient. *St. Paul Fire & Marine* at 1010; *In re McNallen* at 625. "A debtor may act with malice even though he bears no subjective ill will toward, and does not specifically intend to injure, his creditor." *In re Stanley,* 66 F.3d 664, 667(4th Cir.1995).

To determine whether the jury, in awarding punitive damages for breach of contract, found willful and malicious conduct, this court must carefully examine the instructions that the jury was given. The district court instructed the jury that

> In determining whether to award any punitive damages, you must comply with the following instructions. To justify an award of punitive damages, the plaintiff must persuade you by clear and convincing evidence that:
>
> (1) the defendants either intended to harm the plaintiff or that the defendants realized that there was a strong probability that the plaintiff would be seriously harmed;
>
> (2) the defendants acted with malice or with an evil mind or that the defendants' conduct was outrageous; and
>
> (3) the defendants deserve to be punished, deterred or made an example of because of their conduct.

Punitive damages are designed to punish and deter a defendant from intentionally or consciously harming others without any good reason or justification. Such awards also are meant to deter others from com-

mitting the same acts. The fact that the defendants may have been negligent or even extremely careless is not a sufficient reason for you to award punitive damages. To award punitive damages, you must find that the defendants acted with knowledge that their conduct would cause harm to the plaintiff or that the defendants realized that there was a strong probability that the plaintiff would be seriously harmed. If you are not persuaded by clear and convincing evidence that the defendants had this knowledge, or realization, then you may not award punitive damages against the defendants.

(Instructions at pp. 38–39.)

It is possible that the jury arrived at its decision to award punitive damages because it found that the defendants "intended to harm the plaintiff" and that the defendants "acted with malice." If those were the jury's bases for the award of punitive damages, collateral estoppel would apply and the debt would be nondischargeable under § 523(a)(6). However, it is also possible that in reliance on the court's instructions, the jury awarded punitive damages based on findings "that there was a strong probability that the plaintiff would be seriously harmed" and that the conduct was "outrageous." (Instructions at p. 39.) A finding that there was a strong probability that the plaintiff would be seriously harmed is close to the reckless disregard standard that the Fourth Circuit recognized as not being "willful" and would not support nondischargeability under 523(a)(6). *St. Paul Fire & Marine* at 1009.

Furthermore, a finding that the conduct was "outrageous" may not be sufficient to constitute malice under § 523(a)(6). In *In re McNallen*, the Fourth Circuit held that a Texas jury's finding that a debtor's conduct was "outrageous" was a sufficient finding of malice for purposes of § 523(a)(6), but in that case "outrageous" conduct had been defined in a special verdict as being "beyond the bounds of decency, and a civilized community would find it to be atrocious and utterly intolerable," and there was also a finding that the debtor had acted with "wanton disregard." *McNallen* at 626. The district court's instructions in TBLI's case did use

the term outrageous, but the term was not defined.

The issue is a close one, but in deciding to deny TBLI's motion for summary judgment, the court has considered the Fourth Circuit's observation in *Combs v. Richardson* that "[a] primary purpose of bankruptcy law is to give honest debtors a fresh start" as well as that court's admonition to approach collateral estoppel determinations in the context of § 523(a)(6) with "special care." *Combs v. Richardson* at 116.

Accordingly, TBLI's motion for summary judgment is **DENIED.**

**SO ORDERED.**