In re Linda Kay BROWN, Debtor.

Frank A. Brown, Plaintiff,

v.

Linda Kay Brown, Defendant.

Bankruptcy No. 03–04808–RKR–7.
Adversary No. 7–04–00004.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

June 16, 2005.

Charles R. Allen, Esq., Roanoke, VI, for the Plaintiff.

Malissa Lambert Giles, Esq., Roanoke, VI, for the Debtor.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The parties are before the court on the plaintiff's complaint to determine the dischargeability of debt. The plaintiff in the above captioned proceeding filed a motion for summary judgment pursuant to 11 U.S.C. § 523(a)(4) & (a)(6)[1]. The parties were scheduled to appear before the court on January 11, 2005 to give oral argument on the motion for summary judgment, but instead submitted the motion for decision on their filed briefs. As set forth below, the court has reviewed the arguments of both parties. For the reasons stated, the court will deny summary judgment for the movant as to nondischargeability of the debt under 11 U.S.C. § 523(a)(4),(a)(6) and Rule 7056.

## BACKGROUND

On November 12, 2003, Linda Kay Brown, aka Linda Earl, the debtor, filed a Chapter 7 petition for relief. On January 15, 2004, Frank A. Brown, the debtor's former spouse, filed an adversary proceeding to determine the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4),(6) & (15). The debt arose from findings and an order of the Court of Common Pleas of Northumberland County, Pennsylvania, to the debtor to pay the plaintiff $49,001.36 in compensatory damages for lost profits and property taken by the debtor and her brother from the plaintiff's residence and place of business.

On February 22, 2000, the plaintiff filed a Complaint in Divorce against the debtor in Northumberland County Court, and on March 17, 2000, the debtor moved out of the marital home. They have since lived separate and apart, with the plaintiff residing in Northumberland County, Pennsylvania, and the debtor in Roanoke County, Virginia. On May 11, 2000, the Court of Common Pleas of Northumberland County entered a Final Protection for Abuse Order in regard to the parties, which excluded the debtor from the residence and business property of the plaintiff. The protection order expired on May 11, 2001. On May 18, 2001, plaintiff filed a suit for exclusive possession of the marital home and business property, and a hearing on the petition was scheduled for July 11, 2001, but was postponed at the debtor's request. According to the findings of the Court of Common Pleas, on July 13, 2001, the debtor and her brother gained entrance to the marital home and business by breaking through the front door. The Court of Common Pleas found that the debtor and her brother had used a "U–Haul" truck to transport several misappro-

---

[1] The plaintiff plead nondischargeability under 11 U.S.C. § 523(a)(15) in the complaint, but did not raise it here in his argument for matter for summary judgment.

priated items including: cash, credit cards, attorney-client files, computers and personal property, some of which was marital and some non-marital property. On July 16, 2001, following a hearing on the Plaintiff's Petition for Special Ex Parte Injunction and Special Relief, the Court of Common Pleas ordered the debtor to return all items taken on July 13, 2001.

On August 8, 2001, the plaintiff filed a Petition for Contempt and Counsel Fees after the debtor failed to return all of the items. Hearings for the Petition for Contempt were held September 24, 2001, and January 9, 2002. In the hearing, the Court of Common Pleas found that the debtor willfully failed to return all of the items which she was ordered to return, and was therefore, in contempt of court. In an Adjudication and Order dated July 18, 2002, the Court of Common Pleas found that the debtor was liable for damages to the plaintiff in the original amount of $49,001.36 for willfully violating its Order of July 16, 2001 to return all of the taken items.

On November 12, 2003, the debtor filed her petition for chapter 7 relief. On January 15, 2004, the plaintiff filed the present adversary proceeding, arguing that the judgment order of the Court of Common Pleas is not dischargeable pursuant to 11 U.S.C. § 523(a)(4), (6) and, or (15). Specifically, the plaintiff claims (1) the debtor committed willful and malicious injury to the property of the plaintiff per the findings of the state court, (2) the debtor committed a larceny of property, per the state court, and (3) the judgment is not dischargeable because it was incurred by the debtor in the course of a divorce. On February 12, 2004, the debtor responded to the plaintiff's complaint, denying that the debtor committed willful and malicious injury to the property of the plaintiff, and denying that she committed larceny. Further, the debtor argued that (1) she acted with good faith that she was the owner of some of the property, (2) she was trying to preserve property of the marital estate, (3) her acts were not intentional, (5) nondischargeability under 11 U.S.C. § 523(a)(15) is not shown by the complaint, and (6) there is no legal basis entitling the plaintiff to attorneys fees. On October 8, 2004, plaintiff filed a motion for summary judgment, arguing that based on the debtor's response to the complaint there were no factual issues for this court to decide for nondischargeability under § 523(a)(4) & (6). On November 5, 2004, debtor made response to the motion for summary judgment arguing that the debtor committed no acts which make the debt nondischargeable pursuant to § 523(a)(4) & (6).

## LAW AND DISCUSSION

 Bankruptcy courts and state courts share concurrent jurisdiction over several of the exceptions to discharge enumerated in 11 U.S.C. § 523(a). *In re Crawford,* 183 B.R. 103, 105 (Bankr. W.D.Va.1995). However, Section 523(c) states that bankruptcy courts have exclusive jurisdiction to decide exceptions to discharge that arise under sections 523(a)(2), (4), (6), and (15). *See also* Fed. R. Bankr.P. 4007, Advisory Committee Notes (1983) ("The bankruptcy court has exclusive jurisdiction to determine dischargeability of these debts [listed in 11 U.S.C. § 523(c) ]."). As to all other exceptions to discharge in section 523(a), jurisdiction may be exercised by either the bankruptcy court or the state court. Since the plaintiff has moved for nondischargeability under § 523(a)(4),(6) & (15), this Court has proper, exclusive jurisdiction to decide the dischargeability of the contempt judgment for damages debt.

The plaintiff has moved for summary judgment of nondischargeability pursuant

to Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56, which burdens the moving party to show that in light of the facts most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant is not entitled to summary judgment if a reasonable jury could return a verdict for the non-moving party. *Id.* at 248, 106 S.Ct. 2505.

The plaintiff argues that the debtor's reply to the request for admissions contains an admission of recognition of the Court of Common Pleas' judgment. Based on a theory of full faith and credit, the plaintiff moves that there are no genuine issues of material fact subject to dispute between the parties, and the moving party is entitled to judgment as a matter of law [2].

■ Even in dischargeability proceedings, this Court is required to give full faith and credit to judicial proceedings in state courts pursuant to 28 U.S.C. § 1738 [3]. Only in rare instances are bankruptcy courts permitted to avoid recognition of prior judgments in state court proceedings. *See Meindl v. Genesys Pac. Techs., Inc. (In re Genesys Data Techs.),* 204 F.3d 124 (4th Cir.2000). Federal courts must follow a two-step process to see whether § 1738 applies in a particular situation. *Id.* at 128. First, the federal court must look to the state law in the original forum to determine whether further litigation of the matter is precluded. *Id.* at 128. *See also Pahlavi v. Ansari (In re Ansari),* 113 F.3d 17, 19 (4th Cir.1997); *In re Levitt,* 18 B.R. 598, n. 16 (Bankr.E.D.Pa., 1982). If state law would allow relitigation of the matter, then the federal court will not give the state court judgment preclusive effect. *In re Genesys Data Tech.,* at 128–29. However, If the state law precludes further litigation of the decided matter, then a federal court must determine if Congress created an exception to § 1738, a second step. *Id.* at 128. Absent of any real or constructive repeal of § 1738 by subsequent federal law, the federal court must give full faith and credit to the prior state court judgment.

■ Pennsylvania law generally holds that prior judgments shall not be disturbed. Specifically, when considering relitigation of the matter, the court which previously addressed the matter on the merits must be of competent jurisdiction and there must be a concurrence of four conditions: (1) identity of issues, (2) identity of causes of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the parties suing or sued. *Mitchell v. Randall,* 368 Pa.Super. 421, 534 A.2d 508, 509 (1987). The hearing of substantially similar matters may be precluded under *res judicata,* where the matter is between the same parties addressing the same cause of action, or under *collateral estop-*

---

**2.** The plaintiff implies estoppel and bar of relitigating the matter by either *res judicata* or collateral estoppel.

**3.** 28 U.S.C. § 1738. State and Territorial statutes and judicial proceedings; full faith and credit.... The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

*pel,* when the second suit between the same parties involves a different cause of action, yet contains some of the same questions decided in the first suit. *Id.* *Res judicata* is not applicable to a dischargeability proceeding because of the bankruptcy court's exclusive jurisdiction to determine dischargeability, but collateral estoppel can apply to determine the extent to which the current issues are settled according to the prior litigation. *In re Freeman,* 68 B.R. 904, 907 (Bankr.M.D.Pa. 1987). Collateral estoppel forecloses the relitigation of an issue of law or fact in a subsequent action when the legal or factual issues are identical, they were actually litigated; they were essential to the judgment and they were material to the adjudication. *Hanley v. Commonwealth,* 749 A.2d 1045, 1047 (Pa.Commw.Ct.2000).

 The plaintiff in the proceeding has moved for nondischargeability under § 523(a)(4) & (6) [4]. Section 523(a)(4) makes debts that arise from larceny, *inter alia,* nondischargeable. In order to prevail on a § 523(a)(4) dischargeability proceeding, the plaintiff must carry the burden of proof by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). When considering a claim for larceny, a bankruptcy court is not bound by the state law definition of the crime or tort, but may follow federal common law, which defines larceny as a "felonious taking of another's personal property with intent to convert it or deprive the owner of the same." *Johnson v. Davis (In re Davis),* 262 B.R. 663, 672 (Bankr.E.D.Va.2001).

 There is no evidence from the record that indicates that the Court of Common pleas considered a criminal or civil cause of action for larceny, and there are no specific facts alleged that would foreclose or frame a cause of action under the federal standard for larceny. Indeed, the debtor has denied that her acts were committed with the requisite *mens rea* under the federal standard, and that she thought that she was reclaiming her own property, not the plaintiff's. Collateral estoppel does not preclude this court from adjudicating whether the debtor committed larceny; therefore, the court finds that genuine issues of material fact exist between the parties, and summary judgment will not be granted based upon § 523(a)(4).

 Under § 523(a)(6), a debt that arises from willful and malicious injury by the debtor to another entity or to the property of another entity is nondischargeable. Again, the plaintiff must carry the burden of proof by a preponderance of the evidence. *Grogan,* 498 U.S. at 291, 111 S.Ct. 654. When the question of nondischargeability arises in the matter of a previous judgment, it is the plaintiff's responsibility to show which part of the judgment

---

**4.** § 523. Exceptions to discharge....(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt-

 \* \* \* \* \* \*

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny,

 \* \* \* \* \* \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity....

was decided upon malicious injury. Overall, a court called upon to determine dischargeability of a judgment based on willful and malicious injury should look to the entire record to determine the wrongfulness of the act. 4 COLLIER ON BANKRUPTCY ¶ 523.12[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). A bankruptcy court may not override the prior judgment if the issue has been necessarily decided. *In re McNallen,* 62 F.3d 619 (4th Cir.1995). *See Combs v. Richardson,* 838 F.2d 112, 114 (4th Cir.1988).

 The Supreme Court of the United States determined that the creditor must show that the injury was both willful and malicious [5]. The term "willful" defines a deliberate or intentional act. 4 COLLIER ON BANKRUPTCY ¶ 523.12[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). The *Geiger* court held that debts arising from reckless or negligent acts which may cause injury, even those committed intentionally, hence willfully, are not malicious acts. *Geiger,* 523 U.S. at 64, 118 S.Ct. 974. Since *Geiger,* most courts have held that a malicious act is an intentional act that is substantially certain to cause injury. *In re Davis,* 262 B.R. at 670. The Fourth Circuit applied Virginia's legal standard for malice to find an equivalent for actual malice in *National Carloading Corp. v. Astro Van Lines, Inc.,* 593 F.2d 559, 565 (4th Cir.1979) (finding that conduct which is in conscious disregard of the rights of others and is wanton and oppressive may be the equivalent of actual malice

and punitive damages warranted). Under this "equivalency rule", actual malice may be inferred from the circumstances. *See In the Matter of Victor Distrib. Co., Inc.,* 11 B.R. 242, 251 (Bankr.E.D.Va.1981). *See also In re Criswell,* 52 B.R. 184, 193 (Bankr.E.D.Va.1985).

 The Court of Common Pleas for Northumberland County in case number *CV–00–257* found the debtor to be in contempt for *willfully* failing to return all of the items which she was ordered to return, and ordered the debtor to pay the plaintiff $49,001.36 for damages suffered by the plaintiff to *his property, including the failure of the debtor to return $31,870.15 in inventory stock of the plaintiff's business, and $6,349.47 for damages to real property and fixtures* (emphasis added). Applying the law to the facts and findings under the full faith and credit analysis required by 28 U.S.C. § 1738, this court finds (1) that under Pennsylvania law that the Court of Common Pleas is a court of competent jurisdiction to decide issues of damages arising from civil actions in divorce in Pennsylvania [6]; (2) that the parties fully participated in litigation on the issue of willfulness in contempt hearings held September 24, 2001 and January 9, 2002; (3) that the Court of Common Pleas found the debtor's actions willful; (4) that Pennsylvania law precludes relitigation of the willfulness of the debtor's actions; and (5) that there has been no Congressional repeal of § 1738 applicable to this case. Therefore,

---

5. *Geiger v. Kawaauhau (In re Geiger),* 113 F.3d 848 (8th Cir.1997), *aff'd,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (refusing to adopt a bright-line rule of nondischargeability only for acts defined as intentional at law because the rule would make part of the code superfluous, and determining that negligent or reckless acts lack requisite intent for nondischargeability, but finding that acts committed with substantial certainty of causing harm or injury are "malicious").

6. *See* 42 Pa.C.S. § 931 (vesting Courts of Common Pleas with original jurisdiction in Pennsylvania); 42 Pa.C.S. § 951 (dividing jurisdiction of courts for more populous counties into separate family law courts; however, Northumberland County is not so divided). *See also* 1–1 Pa. Civ. Practice § 1.07.

the full faith and credit protection afforded to state court judgments requires this court to give effect to the Northumberland Court's decision as to the willfulness of the debtor's acts. Since Pennsylvania law would preclude the parties from relitigating the issue of willfulness under principles of *collateral estoppel,* this court must also refrain from rehearing the same issue. Thus, this court holds that the debtor's actions were willful as determined by the Court of Common Pleas, and there is no genuine issue of material fact regarding the willfulness of the debtor's actions.

 However, there is not enough evidence from the record and state court hearings to preclude litigation of whether the debtor's actions were in fact malicious. Malice may be implied from the willfulness of the debtor's actions. *St. Paul Fire & Marine Ins. Co. v. Vaughn,* 779 F.2d 1003, 1010 (4th Cir.1985). To make that logical implication, the *Geiger* opinion requires this court to examine the subjective intent of the debtor and determine whether she intended an injury equivocal with an intentional tort upon the plaintiff. *Geiger,* 523 U.S. at 61–62, 118 S.Ct. 974. A willful mental state which leads to an injury will not suffice; the debtor must have intended to cause an injury. *Id.* The Northumberland Court did not fully adjudicate the plaintiff's subjective intent on the occasion when she took the property. While some of the damage the debtor caused casts a dubious light upon her claimed proprietary motivations, she has narrowly carried the burden showing that a factual point of the debtor's intent to cause an injury remains unexplained at best, and is a point of contention capable of being litigated by the parties. Therefore, a genuine issue of material fact exists, and summary judgment will not lie at this stage in the proceeding.

## CONCLUSION

For the reasons stated above, the movant has not shown that no genuine issue of material fact exists, and he will not be entitled to judgment as a matter of law pursuant to § 523(a)(4) & (6). Accordingly, it is

## ORDERED:

That the plaintiff's motion for summary judgment of nondischargeability under § 523(a)(4) & (6) and Rule 7056 will be, and hereby is, DENIED.