In re Dennis E. WHITE and Laura B. White, Debtors.

Kimberly K. Williams and Carl A. Williams, Plaintiffs.

v.

Dennis E. White and Laura B. White, Defendants.

Bankruptcy No. 07–71909.
Adversary No. 08–17011.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Aug. 5, 2009.

863

Jesse S. Shelor, Michael D. Hart, P.C., Roanoke, VA, for Debtor.

Roy V. Creasy, Roanoke, VA, Trustee.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A trial was held in the above-captioned adversary proceeding on June 23, 2009. Kimberly K. Williams and Carl A. Williams (the "Plaintiffs") filed a complaint requesting that this Court declare their causes of action against Dennis E. White and Laura B. White (the "Defendants") to be nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). After considering the pleadings, the evidence presented at trial, and the arguments of counsel, this Court made findings of fact and conclusions of law on the record in

open court. This Order embodies the Court's ruling in favor of the Defendants.

## BACKGROUND

The dispute in this case arose out of an agreement dated February 12, 2007 (the "Contract") between the Plaintiffs and Cornerstone Custom Homes and Renovations, L.L.C. ("Cornerstone") for Cornerstone to perform major renovations and add a two-story addition to the Plaintiffs' home. Cornerstone was a Virginia limited liability company with a principal place of business in Moneta, Virginia and a business address in Roanoke, Virginia. Both Defendants were members and officers of Cornerstone.[1] Cornerstone held itself out as a general contractor engaged in custom homebuilding and remodeling. Cornerstone's general manager, Michael Lucas, negotiated the Contract with the Plaintiffs and executed it on behalf of Cornerstone.

The Plaintiffs brought a multi-count Complaint against the Defendants requesting actual and punitive damages for breach of contract, fraud in the inducement, violation of the Virginia Consumer Protection Act, fraud while acting in a fiduciary capacity, and willful and malicious injury. The breach of contract claim was dismissed by Order dated August 21, 2008. The Plaintiffs assert that these causes of action should not be discharged in the Defendants' bankruptcy case pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

The Court held a trial on this matter on June 23, 2009. For the reasons stated on the record at trial, the Complaint is denied and the discharge will issue. This Court's findings of fact and rulings of law from the bench are incorporated herein as part of this Decision and Order.

## DISCUSSION

■ To have this Court find the Defendants personally liable for any damages incurred by the Plaintiffs as a result of their dealings with Cornerstone, the Plaintiffs must first justify piercing the LLC veil of Cornerstone. The Plaintiffs entered into the Contract with Cornerstone, not the Defendants. Absent a piercing of Cornerstone's LLC veil, personal liability of the Defendants and nondischargeability are not legally possible.

### I. Piercing the LLC Veil.

■ "In Virginia, a limited liability company is a legal entity separate and distinct from its members." *UCA, L.L.C. v. Lansdowne Cmty. Dev. LLC*, 215 F.Supp.2d 742, 756 (E.D.Va.2002) (citation omitted). This results in the legal presumption that an LLC is in fact distinct. *See DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 683 (4th Cir.1976).[2] Courts may, however, "pierce the veil" of an LLC in limited circumstances to serve the ends of justice.

---

1. Persons designated as "officers" of an LLC may or may not be deemed a "manager" with the authority to manage and control the business and affairs of the LLC. *See* Va.Code Ann. § 13.1–1022 (2009).

2. The Bankruptcy Court for the Eastern District of Virginia in *In re Criswell* explained why the *DeWitt* standard should be applied to Virginia cases:

 Although *DeWitt* was a diversity case in which South Carolina law was applicable, the *DeWitt* standards have been applied by the Fourth Circuit in reinstating a bankruptcy court decision in Virginia not to pierce the corporate veil. *See In re County Green Limited Partnership*, 604 F.2d 289, 292 (4th Cir.1979), *rev'g*, 438 F.Supp. 701 (W.D.Va.1977). Virginia, like South Carolina, apparently follows the "instrumentality" theory of piercing the corporate veil. *See, e.g., Lewis Trucking Corporation v. Commonwealth*, 207 Va. 23, 32, 147 S.E.2d 747, 753–54 (1966).

 52 B.R. 184, 194 n. 3 (Bankr.E.D.Va.1985).

*See UCA,* 215 F.Supp.2d at 756. The power to pierce the LLC veil must be exercised reluctantly, and the party asserting the claim bears the burden of proving the basis for disregarding the legal fiction. *See DeWitt,* 540 F.2d at 683 (citations omitted); *Dana v. 313 Freemason, Inc.,* 266 Va. 491, 502, 587 S.E.2d 548, 554 (2003).

■■ Whether to pierce the LLC veil is determined on a case-by-case basis in the context of the individual case's factual circumstances. *See Dana,* 266 Va. at 499, 587 S.E.2d at 553. "No single rule or criterion ... can be applied to determine whether piercing the corporate veil is justified." *Id.* (*quoting O'Hazza v. Executive Credit Corp.,* 246 Va. 111, 115, 431 S.E.2d 318, 320 (1993)) (internal quotation marks omitted). "[P]roof of plain fraud is not a necessary element in a finding to disregard the corporate entity." *DeWitt,* 540 F.2d at 684. Proof of some legal wrong, however, is required. *C.F. Trust, Inc. v. First Flight Ltd. Partnership,* 306 F.3d 126, 135 (4th Cir.2002).

■ The principle criteria for piercing the LLC veil are well-established. First, the LLC veil may be pierced "when the unity of interest and ownership is such that the separate personalities of the corporation and the individuals no longer exist and to adhere to that separateness would work an injustice." *Dana,* 266 Va. at 500, 587 S.E.2d at 554 (*quoting O'Hazza,* 246 Va. at 115, 431 S.E.2d at 320–21). This is often referred to as the "alter ego" or "instrumentality" theory of veil piercing. *DeWitt,* 540 F.2d at 685. The fact that ownership is concentrated in one or few individuals is not alone sufficient grounds, however, for piercing the corporate veil. *Id.* Substantial ownership combined with other factors may lead courts to disregard the corporate form. *Id.* Further, the LLC veil may be pierced where

"the shareholder[s] sought to be held personally liable controlled or used the corporation to evade a personal obligation, to perpetrate a fraud or a crime, to commit an injustice, or to gain an unfair advantage." *Dana,* 266 Va. at 500, 587 S.E.2d at 554 (*quoting O'Hazza,* 246 Va. at 115, 431 S.E.2d at 320–21). Finally, the LLC veil may be pierced where the LLC's inability "to satisfy the judgment against it is the result of the deliberate undercapitalization" by its members. *Dana,* 266 Va. at 501, 587 S.E.2d at 554.

■ Procedurally, a court may not pierce the LLC veil until after the requesting party obtains a judgment against the LLC. The Virginia Supreme Court stated in *Dana* that "[a]lthough under appropriate circumstances, the injured party may seek to pierce the veil of the corporation to impose liability against its stockholders, such action is dependant upon first obtaining a judgment against the corporation." *Id.* at 499, 587 S.E.2d at 553.

■ In this case, the Plaintiffs failed to justify piercing Cornerstone's LLC veil. First, the Plaintiffs did not obtain a judgment against Cornerstone prior to instituting this adversary proceeding. Cornerstone is not a party to this proceeding. The Plaintiffs therefore cannot obtain the relief they request. Second, even if the Plaintiffs had obtained a judgment against Cornerstone, they failed to establish that the Defendants used Cornerstone as an "alter ego" or to perpetrate a fraud or that Cornerstone was so deliberately undercapitalized that the ends of justice require its LLC veil to be pierced. At best, the Plaintiffs assert that the alleged misrepresentations by Mr. Lucas should be attributable to the Defendants because they are the controlling members of the LLC. This belies the argument, however, that the Defendants were using Cornerstone as an

instrumentality to work a fraud upon the Plaintiffs. For the reasons above, and those stated on the record in open court, this Court finds that the Plaintiffs did not meet their burden to justify piercing Cornerstone's LLC veil and position themselves to impose personal liability on the Defendants.

## II. Nondischargeability of Debts.

 Notwithstanding the Plaintiffs' failure to justify piercing Cornerstone's LLC veil, this Court will now address the substance of the Plaintiffs' prayer that their causes of action be deemed nondischargeable in bankruptcy pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). "[T]he party challenging dischargeability ... bears the burden of proving the debt nondischargeable by a preponderance of the evidence." *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir.2008) (*citing Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

### A. Count II: Fraud in the Inducement.

 The Plaintiffs allege in Count II of their Complaint that the Defendants fraudulently induced them into entering into the Contract and that such cause of action should be deemed nondischargeable by the Court. Debts obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" are nondischargeable. 11 U.S.C.A. § 523(a)(2)(A) (West 2009). The elements of proof for finding a debt obtained by a false representation nondischargeable under § 523(a)(2)(A) are:

(1) the debtor made a representation; (2) the debtor knew the representation was false at the time it was made; (3) the debtor intended to deceive the credi-

tor at the time the debtor received the money; (4) the creditor relied on the representation; and (5) the creditor sustained a loss as a result of that reliance. *Rowe v. Showalter (In re Showalter)*, 86 B.R. 877, 880 (Bankr.W.D.Va.1988) (*citing In re Criswell*, 52 B.R. 184, 196 (Bankr. E.D.Va.1985)). The creditor must prove each of these elements by a preponderance of the evidence. *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244 (4th Cir.1994) (*citing Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir.1988)). To satisfy the representation element, the creditor "must demonstrate that the representation was one of existing fact and not merely an opinion, expectation or declaration of intention. A mere promise to repay, and nothing more, does not rise to the level of a representation under § 523(a)(2)." *Showalter*, 86 B.R. at 880 (*citing Criswell*, 52 B.R. at 197).

 In this case, the Plaintiffs failed to demonstrate that the Defendants' statements were anything more than a promise to complete the project. No evidence put forward shows that at the time of contracting the Defendants as members of Cornerstone did not intend to fulfill the obligations under the Contract. There was no false obligation here, as Cornerstone expended some effort to complete the work contemplated in the Contract. Further, aside from Mr. Lucas's assurances prior to entering into the Contract that Cornerstone had the capacity to complete the project, the alleged misrepresentations by the Defendants were made *after* the Plaintiffs entered into the Contract with Cornerstone. This precludes a finding of reliance and loss thereon by the Plaintiffs. As set forth in greater detail on the record in open court, this Court finds that the Plaintiffs did not show that they were fraudulently induced into entering into the Contract with Cornerstone.

## B. Count III: Violation of the Virginia Consumer Protection Act.

The Plaintiffs assert in Count III that the Defendants violated the provisions of the Virginia Consumer Protection Act of 1977, Va.Code Ann. §§ 59.1–196 to –207 (2009), by misrepresenting that the goods and services provided to the Plaintiffs had certain characteristics and benefits and were of a particular standard and quality. Because the allegations revolve around purported misrepresentations by the Defendants, this Court presumes that the Plaintiffs seek a determination of nondischargeability of Count III under § 523(a)(2)(A). For the same reasons stated in part II.A., *supra*, this Court finds that the Plaintiffs did not establish that the Defendants' alleged misrepresentations were anything more than mere promises that Cornerstone would perform under the terms of the Contract.

## C. Count IV: Fiduciary Fraud.

The Plaintiffs further allege in Count IV that the Defendants committed fraud while acting in a fiduciary capacity, and that such cause of action should be deemed nondischargeable under § 523(a)(4). Fraud while acting in a fiduciary capacity is a separate cause of action under § 523(a)(4). *In re Criswell*, 52 B.R. 184, 201 (Bankr.E.D.Va.1985). "The principal fact that must be established is that the debtor was acting in a fiduciary capacity *vis-à-vis* the creditor. The term 'fiduciary' is to be construed narrowly to mean only those fiduciary obligations which arise as a result of a technical or express trust ...." *Id.*[3] Once a fiduciary relationship has been established, the creditor must show that the debtor perpetrated a fraud or defalcation while acting in such capacity.[4]

In this case, there is no evidence that the Contract gave rise to an express trust in Cornerstone with the Plaintiffs as beneficiaries. The Contract was negotiated at arm's length and provided only for an exchange of the Plaintiffs' money for goods and services by Cornerstone. No express trust was created. This Court therefore finds that the Plaintiffs do not prevail on their cause of action for fiduciary fraud.

## D. Count V: Willful and Malicious Injury.

Finally, the Plaintiffs allege in Count V that the cause of action for the willful and malicious injury perpetrated upon them by the Defendants should be deemed nondischargeable pursuant to § 523(a)(6). Section 523(a)(6) "allow[s] the plaintiffs to seek a determination of nondischargeability if they can show (1) an injury, (2) caused by the debtor, (3) to another entity or to the property of anoth-

---

**3.** The Fourth Circuit described the requirements for an express trust in the context of § 523(a)(4):

Under Virginia law, an express trust is based on the declared intention of the trustor, manifested either in writing or through the parties' actions.... Although the parties' use of the word "trust" is to be given great weight, it is not determinative.... All that is necessary is the unequivocal intent that the legal estate be vested in one person, to be held in some manner or for some purpose on behalf of another.

*Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 498–99 (4th Cir.2008) (internal quotation marks, brackets and citations omitted).

**4.** "To be defalcation for purposes of 11 U.S.C. § 523(a)(4), an act need not rise to the level of embezzlement or even misappropriation. Negligence or even an innocent mistake which results in misappropriation or failure to account is sufficient." *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 498 n. 7 (4th Cir.2008) (internal quotation marks, brackets, ellipses and citations omitted).

er entity, and (4) that was willful and malicious." *Criswell,* 52 B.R. at 203. "[Section] 523(a)(6) applies only to 'acts done with *the actual intent to cause injury.*'" *Duncan v. Duncan (In re Duncan),* 448 F.3d 725, 729 (4th Cir.2006) (*quoting Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998)). "A debtor's injurious act done 'deliberately and intentionally in knowing disregard of the rights of another,' *i.e.,* a creditor, is sufficiently willful and malicious and prevents discharge of the debt." *First Nat'l Bank of Md. v. Stanley (In re Stanley),* 66 F.3d 664, 667 (4th Cir.1995) (*quoting St. Paul Fire & Marine Ins. Co. v. Vaughn,* 779 F.2d 1003, 1009 (4th Cir.1985)). "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Geiger,* 523 U.S. at 64, 118 S.Ct. at 978.

 In this case, the Plaintiffs failed to establish that the Defendants' actions were willful and malicious. The Defendants' alleged misrepresentations did not rise to the level of fraud, and they were not shown to be done intentionally in knowing disregard of the Plaintiffs' rights. Cornerstone merely entered into an agreement that it could not ultimately fulfill, despite some effort, due to its rapidly deteriorating financial situation. For the above reasons and those set forth on the record, this Court finds that the Plaintiffs do not prevail on their cause of action for willful and malicious injury.

### CONCLUSION

In order to prevail on their Complaint, the Plaintiffs had to establish that the Court should pierce Cornerstone's LLC veil and that their causes of action against the Defendants as members of Cornerstone are nondischargeable in bankruptcy. For the reasons stated herein and on the record in open court, the Plaintiffs failed in both endeavors. Accordingly, it is:

### ORDERED:

That judgment is hereby entered in favor of the **DEFENDANTS** and the **DISCHARGE** shall issue. This matter is therefore **STRICKEN** from the Court's docket.