**In re Daniel Jay PITTMAN, and Dianna Lynn Pittman, Debtors.**

**Foreign Affairs Service, Inc., Plaintiff**

**v.**

**Daniel Jay Pittman, and Dana Lynn Pittman, Defendants.**

**Bankruptcy No. 09–51176. Adversary No. 09–05100.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Dec. 15, 2010.

---

Preston B. Hicks, Waynesboro, VA, for Debtor.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

On February 19, 2010, Foreign Affairs Services, Inc. ("Plaintiff") filed a Motion for Summary Judgment. In its Motion, Foreign Affairs requests that its State Court judgment be declared nondischargeable under various provisions of 11 U.S.C. § 523(a). Daniel J. Pittman and Dianna L. Pittman ("Defendants") oppose this Motion. The Court held a hearing on the Motion on April 28, 2010. After consider-

ing the arguments of the parties, the Court will grant Plaintiff's Motion.

### Background

Plaintiff is a Virginia corporation that provides automobile repair services. From April 2005 to January 11, 2008, Plaintiff employed Daniel Pittman as an automobile repair and service technician. Dianna Pittman is the wife of Daniel Pittman and regularly negotiated, retrieved, and deposited his paychecks from Foreign Affairs.

On June 8, 2007, Plaintiff paid Daniel Pittman $759.00 in vacation pay for that pay period. Due to an error in the payroll system, Defendants continued to receive additional weekly overpayments in the same amount for the remainder of the year. Defendants did not notify Plaintiff of these overpayments. Plaintiff ultimately discovered the overpayments during its year-end audit.

When Defendants refused to make arrangements to repay the overpayments, Plaintiff filed a Complaint in the Augusta County Circuit Court. The Complaint sought $22,877.78 in compensatory damages on the grounds of conversion and fraud; in addition, the Complaint requested $20,000.00 in punitive damages. On June 26, 2009, the jury returned a verdict in favor of Plaintiff for $22,877.40 for conversion; the jury returned a verdict in favor of Plaintiff on the fraud claim, but awarded no damages according to the State Court's instructions. Furthermore, the jury awarded $10,000.00 in punitive damages. Plaintiff did not seek attorneys' fees. The State Court entered the final Order on July 28, 2009.

Shortly thereafter, Defendants filed for bankruptcy. On October 6, 2009, Plaintiff filed a Complaint with this Court to exempt its State Court judgment from discharge under 11 U.S.C. § 523(a). Specifically, Plaintiff requests that this Court

grant summary judgment because the doctrine of collateral estoppel precludes Defendants from relitigating factual issues previously decided by the State Court.

### Discussion

A. Standard for Summary Judgment

Federal Rule of Bankruptcy Procedure 7056 governs summary judgment in bankruptcy; it expressly incorporates Federal Rule of Civil Procedure 56. *The News and Observer Publishing Co. v. Raleigh–Durham Airport Authority,* 597 F.3d 570 (4th Cir.2010) sets forth the standard for granting motions for summary judgment. *The News Observer* holds:

> Summary judgment should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2). Facts are material when they might affect the outcome of the case, and a genuine issue exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial. *See Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999). "[I]n ruling on a motion for summary judgment, the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Hunt v. Cromartie,* 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999) (internal quotations omitted).

*Id.* at 576.

A party seeking summary judgment bears the burden to show that no

genuine issue of material fact exists. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Brewster of Lynchburg, Inc. v. Dial Corp.,* 33 F.3d 355, 361 (4th Cir.1994). Therefore, Plaintiff must show that no reasonable fact-finder could disagree that its state court judgment is exempted from discharge under § 523(a).[1]

## B. Collateral Estoppel

Plaintiff argues that, under the doctrine of collateral estoppel, the Court should grant summary judgment because its State Court judgment for fraud, conversion, and punitive damages precludes Defendants from relitigating the elements of dischargeability under § 523(a). Collateral estoppel prevents one party from relitigating issues of fact or law that are "identical to issues actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." *Virginia Hosp. Ass'n v. Baliles,* 830 F.2d 1308, 1311 (4th Cir.1987); *see also Combs v. Richardson,* 838 F.2d 112, 113 (4th Cir.1988) ("We hold that the judgment debtor here may be precluded from relitigating an issue that was actually litigated and decided in an earlier proceeding and that was necessary to the decision."). The doctrine of collateral estoppel may trigger summary judgment when an earlier judgment has resolved all necessary issues. *See Buchanan Cnty. v. Blankenship,* 496 F.Supp.2d 715, 726 (W.D.Va.2007).

Although Plaintiff concedes that dischargeability was not litigated during the State Court proceedings, Plaintiff contends that the relevant issues in the dischargeability litigation are the exact same issues that were litigated in the State Court proceeding. Specifically, Plaintiff argues that its State Court judgment should not be dischargeable because it represents a debt: (1) for money obtained by false pretenses, a false representation, or actual fraud;[2] (2) arising from embezzlement or larceny;[3] or (3) for willful and malicious injury to property.[4] The determination that an issue was actually litigated and necessary to the judgment "must be made with particular care." *Combs,* 838 F.2d at 113. The Court must therefore compare the elements of each exception with the specific nature of the State Court judgment.

### 1. False Pretenses, False Representation, or Actual Fraud

The Bankruptcy Code denies discharge for debts obtained by false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(A). Nondis-

1. Because Plaintiff is the party challenging dischargeability, Plaintiff bears the burden of proof. *See Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Kubota Tractor Corp. v. Strack (In re Strack),* 524 F.3d 493, 497 (4th Cir.2008).

2. Section 523(a)(2)(A) provides an exception to discharge for "any debt for money … obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

3. Section 523(a)(4) excepts from discharge "any debt for fraud or defalcation while act-

ing in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Plaintiff makes no contention that Defendants were acting in a fiduciary capacity; instead, Plaintiff contends that Defendants conversion amounted to embezzlement or larceny under the dischargeability provisions of the Bankruptcy Code.

4. Section 523(a)(6) refuses discharge for "any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

chargeability under § 523(a)(2)(A) requires that:

(1) the debtor made a representation; (2) the debtor knew the representation was false at the time it was made; (3) the debtor intended to deceive the creditor at the time the debtor received the money; (4) the creditor relied on the representation; and (5) the creditor sustained a loss as a result of that reliance.

*Williams v. White (In re White)*, 412 B.R. 860, 866 (Bankr.W.D.Va.2009). Plaintiff must prove these elements by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("[W]e hold that the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard."). Plaintiff contends that these elements were already proven by a preponderance of the evidence in the State Court proceedings.

■ In Virginia, proof of actual fraud requires the same elements as § 523(a)(2)(A). *See, e.g., Sales v. Kecoughtan Hous. Co.*, 279 Va. 475, 481, 690 S.E.2d 91, 94 (2010) ("[F]or fraud, a plaintiff must plead that there was 'a false representation of a material fact, made intentionally and knowingly, with intent to mislead.' The plaintiff must also plead that he relied on that false representation and his reliance led to damages." (citations omitted)). Although Defendants did not make mis-

representations to Plaintiff, Virginia law provides that the concealment of a material fact may constitute a misrepresentation for the purposes of proving fraud. *See Beck v. Smith*, 260 Va. 452, 457, 538 S.E.2d 312, 315 (2000). The instructions before the jury accurately reflected Virginia law, and the jury determined that Plaintiff met its burden of proving these elements.

■ Defendants argue that the State Court judgment does not resolve all of the elements of § 523(a)(2)(A). First, Defendants contend that they made no representations and "without those representations, other requirements become meaningless." Bankruptcy law, however, like Virginia law, recognizes that a misrepresentation may be implied by silence. *See, e.g., Ocean Equity Group, Inc. v. Wooten (In re Wooten)*, 423 B.R. 108, 121 (Bankr.E.D.Va. 2010) ("[I]n the context of § 523(a)(2)(A), misrepresentations can be overt or may be implied by silence."). The method of misrepresentation is immaterial—Defendants fraudulently obtained weekly overpayments. Second, Defendants argue that the fact that the jury awarded zero damages for fraud reflected the jury's decision that Plaintiff "had not been damaged by fraud." This conclusion is inconsistent with the plain record of the State Court [5] and Virginia law precluding double recovery.[6]

■ Under § 523(a)(2)(A), the debt is nondischargeable to the extent that Plaintiff's judgment arose from Defendants'

---

5. While reading the verdict, the Judge acknowledged that he had instructed the jury to award zero damages for fraud if the jury had already awarded full compensatory damages under the conversion claim. *See* Transcript of Record at 212, *Foreign Affairs Servs., Inc. v. Pittman*, No. CL08000150–00 (Va. Cir. Ct. June 26, 2009) (" '[F]or fraud ..., the jury ... fixed damages in the amount of zero.' Which I believe is consistent with the instructions I gave them.").

6. Virginia law prevents double recovery under two causes of action when the damages for one claim are indistinguishable from the damages for the other. *See, e.g., Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 113, 413 S.E.2d 611, 621–22 (1992) (finding that the trial court judge acted properly by setting aside a jury verdict of double damages where there was no evidence to permit the jury to distinguish between the damages caused by conspiracy and those caused by tortious interference).

fraud. Defendants contend that the punitive damages are not associated with the finding of fraud because the jury awarded no damages for fraud. The jury did, however, find Defendants' actions fraudulent. Additionally, Defendants' actions supporting the conversion verdict are indistinguishable from their actions supporting the fraud verdict—Defendants received and deposited weekly overpayments without ever notifying Plaintiff. An award of punitive damages that arises from Defendants' nondischargeable fraud is likewise nondischargeable. *See Cohen v. de la Cruz,* 523 U.S. 213, 223, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (finding that the broad language of § 523(a)(2)(A) provides an exception for *any* debt for money obtained by fraud, including punitive damages and attorneys' fees). Therefore, the punitive damages award is excepted from discharge.

■ In its Motion for Summary Judgment, Plaintiff requests attorneys' fees from the State Court proceedings. Defendants correctly respond that the issue of attorneys' fees was not litigated or decided before the State Court. Because the judgment does not include attorneys' fees, the fees cannot be said to arise from Defendants' fraud. *Cf. id.* at 215–16, 118 S.Ct. 1212 (finding attorneys' fees nondischargeable when the fees were requested and awarded during the State Court proceeding). Collateral estoppel does not preclude this Court from litigating attorneys' fees; this Court will not award Plaintiff attorneys' fees on summary judgment.

Since the State Court proceeding actually litigated and decided the elements of § 523(a)(2)(A) the entire amount of Plaintiff's State Court judgment is not subject to discharge under Bankruptcy Code § 523(a)(2)(A), and Defendants are collaterally estopped from relitigating this claim. Plaintiff cannot recover its attorneys' fees, however, under the Motion for Summary Judgment.

2. Embezzlement or Larceny

■ Section 523(a)(4) of the Bankruptcy Code grants an exception to discharge for any debt "for ... embezzlement[ ] or larceny." 11 U.S.C. § 523(a)(4). Whether embezzlement or larceny exist for the purposes of § 523(a)(4) is governed by the federal common law. *See Smith Mountain Bldg. Supply v. Shreve, (In re Shreve),* 386 B.R. 602, 606 (Bankr.W.D.Va. 2008).

■ Plaintiff contends that its judgment for conversion precludes relitigation of the elements of § 523(a)(4). Under federal law, embezzlement requires "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *E.g., Johnson v. Davis (In re Davis),* 262 B.R. 663, 671 (Bankr.E.D.Va. 2001). In the State Court, Plaintiff argues that the additional overpayments were unearned—and unlawfully received. Therefore, Plaintiff's judgment for conversion does not satisfy the requisite elements for embezzlement.

■ Federal common law defines larceny as the "taking of another's personal property with intent to convert it or deprive the owner of the same." *Brown v. Brown (In re Brown),* 331 B.R. 243, 249 (Bankr.W.D.Va.2005); *Davis,* 262 B.R. at 672. In Virginia, the tort of conversion lacks the intent requirement of the federal common law definition of larceny. *See, e.g., Maine v. Adams,* 277 Va. 230, 243, 672 S.E.2d 862, 869 (2009) ("Conversion is the wrongful assumption or exercise of the right of ownership over goods or chattels belonging to another in denial of or inconsistent with the owner's rights."). In addition to damages for conversion, however, Plaintiff recovered punitive damages.

This Court has held that an award of punitive damages for conversion precludes litigation of larceny under § 523(a)(4). *See In re Bane,* 236 B.R. 352, 354 (Bankr. W.D.Va.1999) ("In order to find punitive damages, the issue of fraudulent conversion had to be litigated and determined.... [T]he state court judgment must be given collateral estoppel effect.").

The jury was instructed to award punitive damages on a finding that the Defendants "acted in actual malice towards the [Plaintiff] or acted under circumstances amounting to willful and wanting disregard for [Plaintiff's] rights." By awarding punitive damages, the jury found, by a preponderance of the evidence, that the Defendants willfully or maliciously accepted Plaintiff's money. The necessary elements for larceny under § 523(a)(4) were actually litigated and decided by the State Court. Defendants are collaterally estopped from relitigating whether this claim should be granted exception to discharge.

### 3. Willful and Malicious Injury to the Property of Another

■ The Bankruptcy Code denies discharge to debts arising from the "willful *and* malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6) (emphasis added). In interpreting this Section, the Supreme Court found that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Nothing less than a willful and malicious injury satisfies the requirements of § 523(a)(6). *See Duncan v. Duncan (In*

*re Duncan),* 448 F.3d 725, 729 (4th Cir. 2006) ("Section 523(a)(6) is not satisfied by negligent, grossly negligent, or reckless conduct.... [and] the mere fact that a debtor engaged in an intentional act does not necessarily mean that he acted willfully and maliciously for the purposes of § 523(a)(6).").

■ In contrast, Virginia law requires either willful or malicious injury for the application of punitive damages. The jury instructions at the State Court trial reflected this distinction.[7] Although the State Court judgment for punitive damages indicates that Defendants' actions were either willful or malicious, it fails to establish, by a preponderance of the evidence, that the taking of the money was malicious. Malice may be implied by the willfulness of Defendants' actions. *See Brown,* 331 B.R. at 251. Such determination requires an examination of the subjective intent of Defendants. *Id.; see also Geiger,* 523 U.S. at 61–62, 118 S.Ct. 974. The question of whether Defendants acted maliciously was not fully adjudicated in the State Court proceedings. The record, therefore, is insufficient to establish that Defendants intentionally and maliciously injured Plaintiff's property for the purposes of summary judgment. Collateral estoppel does not preclude this Court from adjudicating whether Defendants acted willfully and maliciously; therefore the Court finds that a genuine issue of material fact exists between the parties and summary judgment will not be granted based on § 523(a)(6).

### Conclusion

For the reasons stated above, Foreign Affairs has shown that no genuine issue of

---

**7.** The jury instructions stated that the jury could award additional punitive damages if the jury believed Defendants "acted in actual malice towards the [Plaintiff] *or* acted under circumstances amounting to willful and want-

ing disregard for [Plaintiff's] rights." Transcript of Record at 198–99, *Foreign Affairs Servs., Inc. v. Pittman,* No. CL08000150-00 (Va. Cir. Ct. June 26, 2009) (emphasis added).

material fact exists and that it is entitled to judgment as a matter of law pursuant to §§ 523(a)(2)(A) and 523(a)(4). Under both provisions, Foreign Affairs' judgment for $32,877.40 is nondischargeable. A genuine issue of material fact exists between the parties concerning the willful and malicious nature of the Pittmans' actions. Summary judgment is not appropriate under § 523(a)(6). Accordingly, it is

### ORDERED

That Foreign Affair's Motion for Summary Judgment Pursuant to Federal Rule of Bankruptcy Procedure 7056 is hereby **GRANTED** and the judgment of the Circuit Court of Augusta County in the amount of $32,877.40 is nondischargeable.

Copies of this Decision and Order are directed to be sent to counsel for the Plaintiff, Dana R. Cormier, Esquire, and counsel for the Defendants, Preston B. Hicks, Esquire.