In re Mark HAMIL, and Wendy Hamil, Debtors.

Nagender Rawat, Plaintiff

v.

Mark Hamil, and Dorothy Hamil, Defendants.

Bankruptcy No. 10–51604.
Adversary No. 10–05083.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

May 13, 2011.

Nagender Rawat, Winchester, VA, pro se.

Marilyn A. Solomon, WINCHESTER, VA, for Defendants.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

An evidentiary hearing was held on May 2, 2011, to consider the Plaintiff's complaint and the Defendant's answer to the

complaint. The plaintiff appeared *pro se.* At the conclusion of the Plaintiff's case-in-chief, the Defendant made an oral "motion to strike."[1] After considering the statements of the parties with regard to the Motion for Judgment on Partial Findings the Court, on the record in open court, ruled that the Plaintiff failed to establish sufficient evidence that would support his request for relief. Accordingly, the Court granted the Defendant's Motion for Judgment on Partial Findings. In accordance with Fed.R.Civ.P. 52(c) the Court incorporates its findings of fact and ruling of law made at the conclusion of the trial on the record into this Decision and Order.

## Facts

On June 24, 2010, the Plaintiff obtained a $4,800.00 judgment against the Defendant from the Winchester General District Court.[2]

The Defendant filed her Chapter 7 petition on September 29, 2010.

The Plaintiff did not file a claim in the Defendant's bankruptcy case. The Defendant, however, listed the Plaintiff as the holder of an unsecured nonpriority claim in the amount of $5,700.00 on Schedule F of her bankruptcy petition.

The Plaintiff filed his complaint on December 27, 2010. The allegations contained in the complaint are as follows:

1. The amount owed to Nagender Rawat is $4,800.00 which was paid by Wendy Hamil; however the check was written on insufficient funds. Due to the amount of the check, this act may constitute a felony.

2. Interest is also due and payable at the rate of six (6) percent from March 16, 2010 and a bad check fee of $35.00 is also due and payable.

**WHEREFORE,** Nagender Rawat, by counsel, Phillip S. Griffin, II, Esquire, respectfully ask this Court to note his objection to the Discharge of this particular debt in the above matter.

Complaint, *Rawat v. Hamil (In re Hamil),* Case No. 10–05083–HAR (Bankr.W.D.Va. Dec. 27, 2010). The complaint does not contain a statutory provision for relief but rather asks the Court to "note his objection to the Discharge of this particular debt in the above matter." *Id.* Based upon this barest of prayers for relief and the statements of the Plaintiff at the May 2, 2011 hearing, the Court makes the preliminary finding that the Plaintiff is seeking to have his claim deemed nondischargeable under 11 U.S.C. § 523(a)(2)(A).[3]

---

1. As a preliminary matter, the Court notes that a "motion to strike" is not the proper term for the relief requested. In federal practice, questions of procedure are governed by the Federal Rules of Civil Procedure. A "motion to strike" is not contained in the Federal Rules of Civil Procedure. Instead, when parties seek the dismissal of a movant's motion or complaint after the movant has rested its case-in-chief, Fed.R.Civ.P. 52(c) governs. The name for such relief is a Judgment on Partial Findings. Accordingly, the Court will proceed to analyze the issues and questions raised by the Defendant in light of Rule 52(c). Additionally, the Court will henceforth refer to the Defendant's motion to strike as the Motion for Judgment on Partial Findings.

2. The judgment also awarded the Plaintiff interest at the rate of 6% from the date of judgment.

3. The Court notes that while the Plaintiff was *pro se* at the time of the May 2, 2011 hearing, he was represented by Mr. Griffin at the time the complaint was filed. Indeed, Mr. Griffin drafted and filed the complaint. Although drafted by an attorney the complaint is so bereft of fact and statutory basis that were it not for the statements of the Plaintiff the Court would not have been able to infer the statutory basis upon which the Plaintiff seeks relief.

## Discussion

### Federal Rule of Civil Procedure 52(c)

 Federal Rule of Civil Procedure 52(c) states, in pertinent part, "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed.R.Civ.P. 52(c) (West, 2010). *In re Modanlo,* 413 B.R. 262, 264 (Bankr. D.Md.2009) holds that under Rule 52(c), "a court assesses the evidence presented and may render judgment if the evidence is insufficient to support a claim or defense."

In this case, the Defendant's Motion for Judgment on Partial Findings asks the Court to assess the Plaintiff's evidence and determine if it is sufficient to support a claim for relief under § 523(a)(2)(A).

### 11 U.S.C. § 523(a)(2)(A)

 11 U.S.C. § 523(a)(2)(A) denies the discharge of a debt owed by the debtor in cases in which "money, property, services, or an extension, renewal, or refinancing of credit" is obtained under "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (West, 2011).

 *In re White,* 412 B.R. 860, 866 (Bankr.W.D.Va.2009) (quoting *Rowe v. Showalter (In re Showalter),* 86 B.R. 877, 880 (Bankr.W.D.Va.1988)) holds that

The elements of proof for finding a debt obtained by a false representation nondischargeable under § 523(a)(2)(A) are:

(1) the debtor made a representation;
(2) the debtor knew the representation was false at the time it was made;
(3) the debtor intended to deceive the creditor at the time the debtor received the money; (4) the creditor relied on the representation; and (5) the creditor sustained a loss as a result of that reliance.

*White* goes on to hold that "[t]he creditor must prove each of these elements by a preponderance of the evidence." *Id. White* also holds that "[t]o satisfy the representation element, the creditor 'must demonstrate that the representation was one of existing fact and not merely an opinion, expectation or declaration of intention. A mere promise to repay, and nothing more, does not rise to the level of representation under § 523(a)(2).'" *Id.* (quoting *Showalter,* 86 B.R. at 880).

To support his claim for relief under § 523(a)(2) the Plaintiff offers the following items into evidence: (1) an abstract of judgment from the Winchester General District Court verifying that on June 24, 2010, the Plaintiff obtained a judgment against the Defendant in the amount of $4,800.00 plus six percent interest from the date of judgment; (2) two checks, both in the amount of $2,400.00, made out to the Plaintiff and issued by Cluette Carrier, LLC; (3) a print out of calls made and received by the Plaintiff; (4) notice of bankruptcy for the Defendant's bankruptcy case; (5) an abstract of judgment from the Winchester General District Court verifying that on January 27, 2011, the Plaintiff obtained a judgment against Cluette Carrier LLC in the amount of $4,800.00 plus six percent interest from the date of judgment; and (6) a note stating that on October 30, 2010 two phone calls were either made or received at 4:37 p.m. and 5:02 p.m. In addition to his documentary evidence, the Plaintiff stated that he loaned the Defendant $4,800.00 and that the Defendant promised to repay the

Plaintiff by a date certain.[4] The Plaintiff further stated that the Defendant refused to repay the loan and that he is still owed the money.

In assessing the evidence before the Court, the Court finds that the evidence only supports a finding that the Plaintiff has a judgment against the Defendant which forms the basis of a claim in the Defendant's bankruptcy case. However, the Plaintiff has not offered any evidence that would satisfy any of the elements of proof needed to succeed under § 523(a)(2)(A). Indeed, the only evidence that touches on a potential representation made by the Defendant is what the Plaintiff alleges was a verbal promise to repay. However, even if the alleged oral promise to repay constitutes a representation, which it may not under the standard stated in *Showalter*, the Plaintiff has not proven the four remaining elements of proof required by *White*.[5]

Since the Plaintiff fails to allege any evidence that would support a finding of nondischargeability under § 523(a)(2)(A), the Court finds that Judgment on Partial Findings is appropriate. Therefore, the Court grants the Defendant's Motion for Judgment on Partial Findings and dismisses the Plaintiff's complaint.[6] Accordingly, it is

## ORDERED

That the Defendant's Motion for Judgment on Partial Findings is hereby **GRANTED.** It is,

## FURTHER ORDERED

That Plaintiff's complaint is hereby **DISMISSED.**

Copies of this Order are directed to be sent to counsel for the Debtors, Marilyn A. Solomon, Esquire, to Nagender Rawat, 2016 Taylor Grace Court, Winchester, VA 22601, and to the Chapter 7 Trustee, John G. Leake.

4. The Court notes that the date certain was never made part of the record. The only statement regarding when repayment was to occur was the Plaintiff's statement that he informed the Defendant that the loan was due in full before the Plaintiff's wife returned to the United States.

5. The creditor seeking relief under § 523(a)(2)(A) must prove every element by a preponderance of the evidence. *Farouki v.*

*Emirates Bank Int'l, Ltd.,* 14 F.3d 244 (4th Cir.1994).

6. Were it not for the Defendant's Motion for Judgment on Partial Findings the above-captioned adversary proceeding would have been subject to dismissal under Fed.R.Civ.P. 16(f) for failure to comply with the Pre–Trial Order entered on March 17, 2011.